No. 13,602.

MRS. URSULES GAGNEAUX vs. L. C. DESONIER.

SYLLABUS.

1. It is essentially necessary for the existence of an appeal that there should be a judicial order granting it. The existence of such an order is a jurisdictional fact. Neither direct consent of parties nor waiver can dispense with it. Courts will, *ex officio*, notice the want of such an order, and of their own motion dismiss the appeal.

2. A motion of counsel to fix the amount of bond to be furnished in a particular case for a suspensive appeal is not equivalent to a motion for an appeal, nor is the action of the court fixing the amount on such application equivalent to "an order of appeal."

APPEAL from the Twenty-Third Judicial District, Parish of St. Mary—*Allen, J.*

*Foster, Milling & Sanders* for Plaintiff, Appellee.

*Don Caffery & Son* and *J. Sully Martel* for Defendant, Appellant.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

NICHOLLS, C. J. Appellant resists the motion made by the plaintiff to dismiss the appeal for the reason that no order of appeal had been granted in the case, and no bond furnished, claiming that if such grounds were ever well founded or available, they had been abandoned by failure of the appellee to raise the objections within three days.

In support of this position he refers the court to Murray vs. Bacon, 7 N. S. 271; Temple vs. Marshal, 11 Ann. 613; Kohn vs. Davidson, 23 Ann. 467; Francis vs. Lavine, 26 Ann. 312; Holbrook vs. Holbrook, 32 Ann. 14; Hall vs. Nevill, 32 Ann. 326; Succession of Chamburg, 34 Ann. 25; Webb vs. Keller, 39 Ann. 55; Long vs. Key, 44 Ann. 309; State vs. Callac, 45 Ann. 27; Naghten vs. Naghten, 48 Ann. 769; Mutual Life Insurance Company vs. Houchins, 52 Ann. 1139.

To these may be added O'Reilly vs. McLeod, 2nd Ann. 138, and Walker vs. Sauvinet, 27 Ann. 314.

The minutes of the court show the following entries:

Monday, May 28, 1900.

Court met in regular session; Hon A. C. Allen, judge, presiding.

No. 10,320, Mrs. Ursulines Gagneaux vs. Louis C. Desonier.

In above case judgment read and signed, and in this case defendant's counsel asked the court to fix the amount of bond for a suspensive appeal, which matter was taken under advisement by the court.

Monday, June 4, 1900.

Court met in regular session; Hon. A. C. Allen, judge, presiding.

No. 10,320, Mrs. Ursules Gagneaux vs. Louis C. Desonier.

In this case defendant's counsel requested the court to fix the amount of the bond necessary for the suspensive appeal.

Tuesday, June 5, 1900.

Court met in regular session; Honorable A. C. Allen, judge, presiding.

No. 10,320, Mrs. Ursules Gagneaux vs. Louis C. Desonier.

Above case suspensive appeal bond fixed at one thousand dollars.

The following instrument was received and filed in the District Court on June 25, 1900.

Suspensive appeal bond.

State of Louisiana, Twenty-Third Judicial District Court, Parish of St. Mary.

Mrs. Ursules Gagneaux
vs.
Louis C. Desonier.

Know all men by these presents:

That we, L. C. Desonier, as principal, and B. F. Hollman, T. J. Dumesnil and E. Provost, residing in the parish aforesaid, as surety, are held and firmly bound unto clerk of said court in the sum of one thousand dollars ($1,000.00) for the payment whereof well and truly to be made we bind ourselves *in solido*.

Subscribed and dated at Franklin, this 8th day of June, 1900.

Now the condition of the foregoing obligation is such that whereas the said principal has obtained an order for a suspensive appeal from the judgment rendered by said————District Court on the————day of————, 189 , to the Honorable————of the State of Louisiana, returnable according to law; now this bond is given as surety that said principal, as appellant, shall prosecute the said appeal, and that————shall satisfy whatever judgment may be rendered against ————or that the same shall be satisfied by the proceeds of the sale of————estate real or personal, if————he be cast in said appeal otherwise that the said————shall be liable in his place.

(Signed)   B. F. Hollman, John T. Dumesnil, Ernest Prevost.

Surety sworn says that over and above all his debts and legal exemp-

tion he is worth, in property liable to execution, the full amount of said bond.

Sworn to and subscribed before me this 8th day of June, 1900.

(Signed)    L. A. MENDALE,

*Justice of the Peace.*

Received and filed June 25, 1900.

(Signed)    J. H. LORET,

*Clerk.*

We have examined the decisions referred to by appellant. Most of them declare that the defects in orders of appeal, or in bonds of appeal, which if not objected to within three days, are to be abandoned or waived, are irregularities or defects in orders of appeal actually granted or in bonds actually furnished. They do not declare that objections that "no order" of appeal was granted, or that no bond was furnished, have to be made within three days, and if not so made will be considered abandoned or waived. Murray vs. Bacon, 7 N. S. 271; O'Rielly vs. McLeod 2 Ann. 138; Temple vs. Marshal, 11 Ann. 613; Walker vs. Sauvinet, 27 Ann. 314; State vs. Callac, 45 Ann. 27, and Webb vs. Keller 39 Ann. 55, are, however, cases where expressions to that effect will be found. These cases all refer to Murray vs. Bacon as the original authority for such a declaration. All that the court said in that case was that "the appellee had moved to dismiss the appeal for an irregularity in the manner of bringing it up. That this motion came too late. The Code of Practice excluded all the answers except those which pray for a confirmation of a judgment if not put in within three days after the record was filed in the Supreme Court."

It will be noted that the court does not state what the objection was which was made, and that it refers to it as directed at an "irregularity in the manner of bringing the appeal up." It does not pretend to exclude objections of a jurisdictional character which it would be the right or duty of the court to notice *ex officio* and to dismiss the appeal of its own motion.

The first case on the subject following that of Murray vs. Bacon was that of O'Rielly vs. McLeod, 2 Ann. 138, where the objection urged was declared to be an "informality" in the order of appeal and the appeal bond. Not only was the objection one aimed at a mere irregularity, but the appellee was not simply silent. He had acted affirmatively in support of the appeal by having the case once "set for trial" and later on caused it to be continued; in other words, an element of

estoppel or active acquiescence entered additionally as a factor in the determination of the question.

That the decisions in the two cases cited did not go to the length claimed by appellant is made evident by the fact that in the same volume with O'Reilly vs. McLeod, Judge Slidell, who was the organ of the court in the case, announced as its organ also in Gibson vs. Selby (2 Ann. 629), that "consent of parties cannot dispense with the necessity of an order allowing an appeal; that the jurisdiction of the appellate court attaches after a judicial order divesting, when its terms are complied with, the jurisdiction of the inferior tribunal." The court declared in the same case that the jurisdiction of the Supreme Court attaches when the *bond* was filed.

This case was followed by a number of others:

In Bachelor vs. Creditors, 20 Ann. 193, it was said: "The Supreme Court will not take cognizance of an appeal when there is no order of the District Court granting the appeal. The court is bound to notice *ex offcio* the non-existence of such an order and dismiss the appeal. Consent of parties that an appeal may be taken does not give the Supreme Court jurisdiction of a suit, as an agreement between parties is not an order of court. It cannot take cognizance of a case when there is no order of the lower court for an appeal."

In Moore vs. Sims, 21 Ann. 649, a motion was made to dismiss the appeal because there was never an order of court entered on the minutes of the court and no appeal was granted on petition. The court said: "We find no order of appeal in the record," and dismissed the appeal, notwithstanding the filing in court of an affidavit of the district judge stating that the appeal was granted on motion in open court and, if not entered on the minutes, it was an omission of the clerk.

In McKnight vs. Denouvion, 22 Ann. 373, the plaintiff moved the court for a suspensive appeal from the judgment rendered in the cause returnable to the Supreme Court on the second Monday of April, 1870. The motion did not contain an order of appeal. The Supreme Court said: "We find no order of appeal in the record. The mere filing of a motion with an appeal bond does not divest the court below of jurisdiction, and invest the same in this court. The order of appeal is essential; it matters not in what form the application is made, whether by motion or petition." The appeal was dismissed.

In Norris vs. Warren, 22 Ann. 458, the following entry was made on the minutes of the court: "Plaintiff's motion of appeal filed and defendant's counsel takes cognizance, and appeal bond fixed at two

hundred and fifty dollars." In disposing of a motion to dismiss the appeal, the Supreme Court said: "This is not a sufficient compliance with Article 574 C. P. and also 573 of the Code of Practice, and the amendment thereof which requires that the judge shall fix the amount of security and cause the same, with the order granting the appeal, to be entered on the minutes of the court. The entry that the motion for appeal was filed does not show that it was granted." (Moore vs. Sims, 21 Ann. 649). The appeal was dismissed.

In Dupre vs. Mouton, 23 Ann. 543, the Supreme Court dismissed the appeal *ex officio*. By agreement of counsel, made before judgment was rendered, an appeal to both plaintiffs was granted by simply filing the necessary bond and notifying the opposite counsel. The court said: "An appeal is a method of revising a definitive judgment (C. P. 556). It is to be taken after such definitive judgment is rendered. (C. P. 573, 574, 575, 578). An order of appeal, which is absolutely necessary, is the first step in the process by which the cause is brought within the jurisdiction of the Supreme Court (22 Ann. 458, Norris vs. Warren). If it be conceded that the minute granted above is anything more than a memorandum of a consent by the attorneys and amounts to an order of appeal, yet we know of no law which authorizes such orders in anticipation of the future rendition of a judgment. If a judge can grant an order of appeal to both parties, eleven days before judgment, he might go still further and at the moment the suit is instituted by anticipation grant general orders of appeal to all possible parties from all future judgments."

In Louisiana State Bank vs. Barrow, 24 Ann. 276, an order of appeal was granted from one branch of the judgment, but no bond was given. In the other a bond was given, but no order of appeal was granted. The court said: "We find an agreement of counsel 'that one transcript shall be made for the two appeals taken in the case.' As consent cannot give jurisdiction and as neither of the appeals has been perfected (one for want of an appeal bond, the other for want of an order of appeal), we are constrained to decline jurisdiction of the appeals."

In Stehle vs. Millspaugh, 33 Ann. 649, an order of appeal was granted, returnable on the first Monday of November. A rule was taken in the lower court to have the order of appeal set aside for cause. Pending the rule, appellant filed the transcript in the Supreme Court before the return day. After this the rule was made absolute and the order of appeal set aside by the lower court. The Supreme Court dismissed the appeal. On rehearing the court said: "The appeal comes

before us without an order of appeal, and we find no error in the decree dismissing the appeal."

In Mrs. Weiser vs. Blaese, 34 Ann. 833, it was declared that no appeal will be recognized in the Supreme Court without an order of appeal upon which it is based.

In Philips vs. Creditors, 35 Ann. 935, the court said: "When the record contains no order granting the appeal, it must be dismissed."

In State vs. Ventura, 48 Ann. 586, the court said: "The want of an order of appeal, when none has been applied for, is fatal to the appeal." And in Oil Company vs. Matheson, 48 Ann. 1322, that "the order of court is the foundation of the appeal."

In State vs. D'Aquin, 49 Ann. 1092, the court said: "We know of no case in which this court has taken jurisdiction of an appeal which had been brought up as this case has been, without either motion or order of appeal."

It is quite usual for counsel, who consider "orders of appeal" "or appeal bonds," so radically defective as to be absolute nullities, to refer to them as being no orders of appeal, and this was done by counsel of appellee in this very case; for there was unquestionably a paper filed in court purporting to be an appeal bond, but counsel, in their motion, declared it to be no bond at all."

We think that the decisions upon which appellant relies were rendered in cases of this character. We are of the opinion that the granting by the lower court of an order of appeal is a jurisdictional fact, and that the absence of such an order should be noticed *ex officio* by the appellate court and acted upon of its own motion. The failure of the appellee to urge the objection, even if it had the effect of estopping him from filing a formal "motion to dismiss," as appellant contends it does, would not preclude him from suggesting or bringing the matter to the knowledge of the court. Upon coming to such knowledge, it would be the duty of the court to dismiss the appeal of its own motion. If the decisions quoted by the appellant contain anything contrary to what we here declare to be the law, they must be considered to that extent overruled.

The parties have discussed the question from the assumed position that the motion to dismiss was filed so late as would cut off, generally, objections to this appeal. The judgment in the case was signed on the 28th day of May, 1900. Appeals from the parish of St. Mary were then (under Act No. 78 of 1898) returnable on the fourth Mondays of January, March, June and November, of each year. The regular return for

this particular judgment was the 25th of June, 1900, but defendant obtained two extensions of time, one for ten days and the later one to the 10th of July. The transcript was filed in the Supreme Court on that day. The court was then in vacation. It met again for the first time in regular session on the 5th of November, and upon that day the motion to dismiss was filed.

As the question submitted to us is an important one of practice, we have examined it from the standpoint from which it has been presented. The view which we take of the necessity as to jurisdiction of the existence of an order of appeal, upon which the appeal must rest, makes it useless to discuss at present whether appellate jurisdiction be dependent upon the existence of a bond of appeal of some kind, and to what extent an instrument claimed to be a bond could be characterized legally as such. We take occasion, however, to warn the profession upon the danger of giving too wide a scope to the decisions upon which the appellant in this case has relied. We have no alternative but to dismiss the appeal.

The appeal is hereby dismissed.