(35 South. 585.)

No. 14,799.

WALKER v. PARISH OF TANGIPAHOA.

(Jan. 4, 1904.)

APPEAL BOND—ORDER OF APPEAL—DEPOSIT IN LIEU OF BOND.

1. Without an order of appeal in the record the bond of appeal is a nullity.

2. If an appellant deposits an amount with the clerk in lieu of a bond, it must be preceded by an order of appeal, in order to be binding.

3. The pleadings are directed to have the bond of appeal decreed a nullity. It was a nullity. The court declines to go further than asked in the pleadings. It declines to decide, as suggested in argument, that relator is entitled to the amount deposited. This is relegated to other proceedings in which question of estoppel urged may be considered.

4. The respondent asks that it be decreed to be entitled to the amount deposited with the clerk of court. The question as to its right (i. e., asserted right of the parish of Tangipahoa), if any it has, is to be considered if new proceedings be instituted.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Fourth Circuit.

111 LA.—11

Action by George Walker against the parish of Tangipahoa. Judgment for defendant, and plaintiff applies for certiorari or writ of review to the Court of Appeal. Rule discharged, and judgment affirmed.

Milton Alexander Strickland, for applicant. Robert S. Ellis, Dist. Atty., for respondent.

BREAUX, J. Plaintiff (relator here) brought this action by rule in order to have a bond of appeal decreed null on the ground of illegality.

Originally suits were brought by the parish of Tangipahoa against Campbell and Arieux, dealers in liquor, in order to collect a liquor dealer's license from each. At the trial the two suits were consolidated for the purpose of trial, and it was agreed that, in the event of an appeal, it was to be taken in one case, and that the decree on appeal would apply to both cases. Judgment was rendered against Campbell and Arieux, respectively.

An appeal in 1901 was taken in the case against Campbell. It was prosecuted before this court, and a decree adverse to Campbell was rendered.

There was no appeal taken in the case against Arieux. The minutes do not show that an order of appeal, as relates to him, was ever entered.

There is some contention offered based upon oral testimony in regard to an asserted order of appeal. We are not of the impression that this testimony is sufficiently certain, in a legal point of view, to prove that an order of appeal was issued, and that by an oversight it had not been entered on the minutes. In view of the record, we feel reasonably certain in the conclusion that no order of appeal was ever issued. At any rate, we are quite certain that no such order was ever entered on the minutes of the court.

Despite the fact that no order of appeal had been entered, as before stated, Arieux, the defendant, furnished a bond on May 24, 1901, which was filed on the 12th of June, 1901—it follows, after the 10 days within which to furnish a suspensive appeal bond had elapsed.

On the 10th of June, 1901, the parish of Tangipahoa obtained a writ of fieri facias, and had it placed in the hands of the sheriff,

who seized the contents of defendant's bar-room, in order from its avails to collect the amount of the judgment which had been obtained, as before mentioned.

On the 12th day of October, 1901, George Walker petitioned the court, and represented "that he is surety on the appeal bond of Arieux in the sum of $845 given by Arieux to secure a suspensive appeal in the case of the parish of Tangipahoa v. P. H. Arieux, No. 114, now pending before the Supreme Court of Louisiana; that he is desirous of disposing of his property situated in that parish of Tangipahoa; that he desires to deposit in the court, and in the hands of the clerk thereof, the amount of said bond, to abide the event of said suit, and to release his property from liability. On which is entered the following order: 'Let the application of George Walker be granted, and let him be authorized to deposit the sum of $845 in the hands of A. R. Lewis, clerk of court, as a guaranty for his eventual liability in the suspensive appeal bond in the matter of the parish of Tangipahoa v. Arieux, as prayed for, and according to the terms of said bond. Oct. 12, 1901.'" This order is signed by the judge of the district court.

In course of time George Walker, surety on the bond furnished, although no order of appeal had been issued, became concerned about his liability, and conceived the idea that the bond in question was null. He filed a petition setting forth that on the 24th of May, 1901, a judgment was rendered against Arieux for $500 and costs and penalties. He avers that he became surety on the suspensive appeal bond in question; that the bond was not filed within the 10 days for suspensive appeal; that it was ineffective as a suspensive appeal bond.

He further averred that this bond was without effect either as a suspensive or devolutive appeal, by reason of the fact that it was filed among the records without any application for an appeal, and without an order of appeal. In the summary or conclusion of this petition he asks that "a certain instrument of writing purporting to be a suspensive appeal bond, filed June 13, 1901, in the suit of Parish of Tangipahoa v. P. H. Arieux, No. 114, should be declared without effect and null and void, and petitioner released from his liability thereon." This is the extent of the prayer.

The parish of Tangipahoa filed an answer setting forth at some length its grounds of defense. It alleged, in substance, that Walker's conduct and representations in his petition in giving bond, and afterward in depositing the money in place of the bond, thereby securing the release of Arieux's property from seizure, barred him from setting up that there was no order for appeal bond, and, further, that he (Walker) was Arieux's partner in the liquor business for which the parish had issued the license in question.

The parish also interposed the plea of estoppel on the ground that Walker is estopped from contesting the demand, because he admitted that he was surety on the appeal bond.

The judge of the district court dismissed the rule sued for by the relator, George Walker, "without prejudice to relator's right in the premises."

From this judgment an appeal was taken to the Court of Appeal by Walker, and that court affirmed the judgment of the district court. The text of the decision of the Court of Appeal went beyond the decree. The decree alone governs. It is not enlarged by the text.

The case is before us for review in answer to a rule nisi issued here.

The parish of Tangipahoa has gone beyond the issue tendered by Walker, the plaintiff in rule, who only asked that the bond of appeal be decreed null for illegality.

The parish not only asked that the bond be decreed legal and binding, but, in addition, it asked to recover judgment for the amount deposited, as set forth in the statement of the case.

Taking up the issue tendered by plaintiff Walker, we find that it was limited to the appeal bond. Relator sought to have it only decreed null.

There is no question in our mind but what the bond itself, issued without a preceding order of appeal, is null. Such an order is essential to the validity of the appeal. Without it the court is without jurisdiction, and without it even consent of the parties cannot give jurisdiction. To sustain an appeal, there must be an order in the record.

Having arrived at the conclusion that the bond was a nullity, it devolves upon us to decide whether or not the surety, Walker,

is estopped, because of certain asserted admissions, and because of his having deposited an amount, as before mentioned. The admission by allegation of the petition does not strike us as having merit, for the reason that it is evident the purpose of the pleader, Walker, was to attack the validity of the bond, and that reference to the bond was not intended and did not have the effect of giving it vitality, if it previously had none.

Walker did allege, in his petition to be permitted to deposit the amount before mentioned in lieu of his bond, that he was surety "on the appeal bond of P. H. Arieux * * * to secure a suspensive appeal" in the case in question.

No question but that this was the purpose. This averment does not invest the bond with vitality if it had none before the allegation was made. The amount was deposited to secure his liability on the bond. If there was no liability possible, the depositor is entitled to the amount deposited.

As relates to the suspensive appeal, the deposit of an amount in lieu of the bond would not ordinarily invest it with greater regularity than the bond itself; that is, if there was no order of appeal, the deposit of the amount would not have the effect of supplying the order of appeal which should issue and be placed of record.

As relates to the appeal, strictly, the bond and the deposit did not, of themselves, exclusively sustain its validity.

But the amount had been placed in the hands of the clerk. There is evidence going to show that this surety had an interest in the property; that he gave himself more concern in obtaining the release of the property than is usual with a surety.

In the present situation of the issues, we must decline to go further than affirm the judgment of the district court and of the Court of Appeal.

There has been an amount turned over to the clerk of court for a particular purpose. As to this deposit, plaintiff, in suing, must be held to assume the burden of pleading and of proof.

Considered from that point of view, we do not think he is entitled to the relief of ordering the amount to be turned over to him for which he never prayed. He has not asked for the amount deposited.

On the other hand, we must decline to decide at this time that the parish of Tangipahoa is entitled to, or not entitled to, this amount.

We are not satisfied that relator is entitled to the amount at all. The plea of estoppel is left to future consideration and adjudication in proceedings brought by relator for the amount in question.

For the reasons assigned, the rule nisi is discharged, and the judgments of the district court and the Court of Appeal are affirmed.