(131 So. 192)

**WILEY et al. v. BALLIO & PERRY et al.**
**(AMERICAN CREOSOTE WORKS,**
Inc., Intervener).

No. 29524.

Nov. 3, 1930.

A. M. Wallace, of Minden, for plaintiffs.

**ROGERS, J.**

This is a concursus proceeding growing out of the construction of a road known as Cotton Valley-Ivan highway project No. 2A, section 3, Bossier parish. The contracting parties were the police jury, acting as the governing authority of consolidated road district No. 1 of the parish, and Ballio & Perry, a copartnership composed of W. B. Ballio and W. C. Perry. The surety on the contractor's bond was the Indemnity Insurance Company of North America. After the road was completed, it was accepted by the police jury, whose acceptance was duly filed in the mortgage records of the parish.

The proceeding was brought by a number of lienors and the Bank of Sarepta, suing on the contractor's notes, which notes were secured by assignments on the funds in possession of the police jury. The American Creosote Works, Inc., intervened, asserting a lien and privilege and asking for judgment against the contractor's surety. Exceptions and answers were filed by all the defendants except W. B. Ballio and the copartnership of Ballio & Perry. The exceptions were overruled, and on the merits the court below rendered judgment in favor of all the lienors, except W. C. Hughes, against the funds held by the police jury and against the copartnership of Ballio & Perry and the individual members thereof as ordinary partners, as principals, and against the Indemnity Insurance Company of North America, as surety; in favor of the Bank of Sarepta against Ballio & Perry, and the individual members thereof as ordinary partners, and directing that the residue of the funds held by the police jury after payment of the lienors be paid to the bank; in favor of W. C. Hughes against Ballio & Perry and the individual members thereof as ordinary partners, but rejecting this lienor's demand as against the police jury and the contractor's surety; and, finally, in favor of the contractor's surety against Ballio & Perry and the individual members thereof jointly and in solido for such sum as the surety was cast in the suit with costs.

The only appeals taken from the judgment are by the contractor's surety and by W. C. Perry, one of the members of the copartnership of Ballio & Perry.

In its appeal the contractor's surety complains of the refusal of the court below to allow the claim of the American Creosote Works, Inc., for a lien and privilege against the funds held by the police jury; of the overruling of its exceptions of no cause of action and misjoinder filed against the right of the Bank of Sarepta to appear in the proceeding; and of the award to W. E. Wiley of the amount of his claim.

Conceding that this court, on the appeal of the contractor's surety, can disturb the judgment rejecting the claim of the American Creosote Works, Inc., intervener, against the police jury, one of the surety's codefendants, nevertheless, we fail to perceive wherein the surety company has any interest in prosecuting an appeal from the judgment. The surety company cannot be harmed by the judgment. When it satisfies the award in favor of the American Creosote Works, Inc., it will be subrogated, by operation of law, not only to the claim of its judgment creditor, but also to the privileged claim of Ballio & Perry, contractor, against whom it has itself obtained judgment, on the funds in the possession of the police jury.

So far as concerns the purported appeal from the judgment on the exceptions filed against the demand of the Bank of Sarepta, the court cannot consider it. The record shows that, although a bond was fur-

nished for the appeal, no order of appeal was actually obtained.

Without an order of appeal, the bond for appeal is a nullity. Walker v. Parish of Tangipahoa, 111 La. 321, 35 So. 585.

■It is essential to the existence of an appeal that there should be a judicial order granting it. The existence of such an order is jurisdictional. And, where there is no order granting the appeal, this court will not take cognizance of the appeal. Gagneaux v. Desonier, 104 La. 648, 29 So. 282.

The surety company is contesting the judgment in favor of W. E. Wiley solely on the ground that Wiley did not definitely prove his claim on the trial of the case. However, the judge of the district court found that he had done so, and, after examining the pertinent evidence in the record, we think the finding was correct.

W. C. Perry, the other appellant, complains of the judgment against him as an ordinary partner in the firm of Ballio & Perry for one-half of the amount of the claims of W. E. Wiley, W. C. Hughes, and the Bank of Sarepta.

The contention of this appellant is that he did not authorize W. B. Ballio to purchase the materials and supplies from W. E. Wiley and W. C. Hughes, and, further, that the supplies were not actually used in the work. With reference to the judgment in favor of the Bank of Sarepta, his contention is that the notes and assignments given the bank were not authorized by him. We do not find any merit in these contentions.

The five notes of Ballio & Perry, evidencing the firm's indebtedness to the Bank of Sarepta were offered in evidence without objection. The assignments executed by Ballio & Perry and accepted by the police jury, when offered

in evidence, were objected to on behalf of W. C. Perry only on the ground that it had not been shown that Perry was a member of Ballio & Perry, and therefore that firm had no authority to execute the assignments. The record, as we appreciate it, does show appellant's membership in the firm of Ballio & Perry. It further discloses that W. B. Ballio was in active charge of the work for his firm, that the Bank of Sarepta financed the job, and that the notes and assignments were given the bank for funds lent by it to Ballio & Perry for that purpose. The record also satisfies us that the supplies and materials furnished by both W. E. Wiley and W. C. Hughes were either for the use or for the account of the firm of Ballio & Perry, and that the firm and the individual members thereof, according to their respective interests, are responsible therefor.

For the reasons assigned, the judgment appealed from is affirmed, at appellants' costs.