This suit is the result of an accident which took place on the night of October 6, 1939, on the public highway between Clinton and Greensburg. This highway is a black topped highway of approximately eighteen feet in width with gravel shoulders on each side, and at the scene of the accident runs approximately east and west, and is straight for a quarter of a mile or more from the west and some few hundred feet from the east, the accident having taken place in front of a country store operated by Mr. Sam Calvit, which store is situated immediately to the south of the south ditch of the highway. In front of the store, there was a bridge some six feet wide and eighteen feet long spanning the ditch and the shoulder of the highway was some three feet wide. The defendant's truck was parked near this bridge facing west, with its light burning brightly, while the driver of the said truck was in the store after having delivered some merchandise to the store.
Plaintiff avers that his truck was travelling east at a rate of speed of not more than thirty-five miles an hour, his truck driver keeping a proper lookout and having the truck under proper control while approaching defendant's truck, which was in his lane of travel; and not knowing that defendant's truck was not in motion, his truck driver applied his brakes and kept turning to his right in order to avoid a head on collision and was finally forced to take to the south ditch, thereby running into the bridge, causing the damages, the basis of this suit. He charges defendant's truck driver with negligence in parking his truck at night on the wrong side of the road, with the lights burning brightly and without setting out flares as required by law. The defendant is the owner of the truck.
The defendant interposed an exception of no cause or right of action, and also an exception of vagueness. These exceptions were overruled. They are presumed to be abandoned in that defendant does not urge them in this court. Thereafter, defendant answered, denying any negligence on the part of his truck driver, and sets out in the alternative the plea of contributory negligence of plaintiff's truck driver and employee in not maintaining a proper lookout, in not keeping *Page 472 
his truck under proper control, in driving too fast under the circumstances and in driving his truck off of said road into the ditch.
The trial resulted in a judgment in favor of the plaintiff in the sum of $265.10. Defendant has appealed.
The judgment appealed from was rendered in Chambers, at Amite, Tangipahoa, Parish, and not in the Parish of St. Helena where the case was docketed and tried, by agreement of counsel, on May 29th, 1942. The trial judge failed to enter an order of appeal in the case. In the record we find an unsigned letter presumably from plaintiff's attorney to the Clerk of the Court for the Parish of St. Helena, enclosing the original judgment together with a copy thereof to be certified and thereafter to be sent to the attorneys for defendant. In this letter, it is stated, "Judge Comish instructed me to notify you to enter an order of appeal in this case, suspensive upon the defendant furnishing bond in the amount fixed by law, and devolutive in the sum of $100.00 such appeal to be to the Court of Appeal, First Circuit, State of Louisiana, and returnable by or on July 1, 1942. Please communicate this fact to the attorneys for the defendant." We also find on a separate sheet of paper a typewritten copy of the judgment, at the bottom of which appears the following:
 "Order.
"William S. Hinsen
versus No. 735
"Pelican Provision Co., Inc.
"Let Suspensive appeal be granted in this case upon the defendant furnishing bond in the amount fixed by law, and devolutive appeal in the sum of $100.00 such appea(l); to be to the Court of Appeal, First Circuit, State of Louisiana, and returnable by or on July 1st, 1942."
As previously stated, the judge did not enter nor sign any order of appeal. The judge could not direct or authorize the attorney for the plaintiff to enter and sign the order of appeal, nor do we think that he could direct the clerk of the Court to perform such duties. Section 1506, Dart's General Statutes, Act No. 94 of 1898, § 2, specifically provides that in cases such as is presented "the * * * Judges * * * shall at the time ofrendering their judgments, grant an order of appeal, and fix the appeal bonds when same are not fixed by law." It is our understanding of the law that it was the judge's mandatory duty to grant the order of appeal in writing and duly dated and signed by him. The most that can be said under the facts as disclosed herein is that he may have granted an oral order, which is insufficient.
Furthermore, we note that there is not affixed to the typewritten copy of the judgment and the order presumably entered by the Clerk of Court, the certificate by the Clerk of the Court as required by law.
Our conclusion is that no order of appeal was actually obtained.
The court is without jurisdiction to entertain an appeal without an order of appeal from the trial court, which cannot be waived or dispensed with even by consent of the appellee. The court will take notice of the absence of an order of appeal, and, on its own motion, dismiss the appeal. See Wiley v. Baillio,171 La. 411, 131 So. 192. Therefore the appeal is dismissed.