215 So.2d 515 (1968)
James THOMAS
v.
RELIANCE INSURANCE COMPANY and Maryland Casualty Company.
No. 3402.
Court of Appeal of Louisiana, Fourth Circuit.
November 4, 1968.
Rehearing Denied December 2, 1968.
*516 N. A. Danna, Jr., and Daniel C. Wiemann, New Orleans, for plaintiff-appellant.
Montgomery, Barnett, Brown & Read, Daniel Lund, New Orleans, for Reliance Ins. Co., defendant-appellee.
Before HALL, REDMANN and BARNETTE, JJ.
HALL, Judge.
This is a devolutive appeal taken by James Thomas, plaintiff, from a judgment of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, dated June 8, 1966, dismissing his suit as to Reliance Insurance Company, one of the defendants in suit, on exceptions of no right or cause of action.
The matter is before us on a motion by Reliance Insurance Company, defendant-appellee, to dismiss plaintiff's appeal on the ground that it was not "taken" and perfected within the delay prescribed by LSA-C.C.P. Article 2087.
The record reveals the following:
On August 27, 1965 James Thomas filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against Reliance Insurance Company and Maryland Casualty Company in solido for damages for personal injuries allegedly sustained by him as the result of an automobile collision. Maryland Casualty Company answered the suit but Reliance Insurance Company excepted thereto on the ground that plaintiff's petition set forth no right or cause of action against it.
On June 8, 1966 the Judge of Division "A", to whom the case had been allotted, rendered and signed a judgment maintaining the exception and dismissed plaintiff's suit as to Reliance Insurance Company.
On August 3, 1966 plaintiff timely filed a petition for a devolutive appeal from said judgment and on the same date filed with the Clerk of Court what purported to be a devolutive appeal bond in the sum of $250.00, although the amount of the appeal bond had not been fixed by the Judge. Moreover the Judge did not sign any order of appeal. Instead of signing the order of appeal which had been prepared by plaintiff the Judge wrote the following notation across the bottom thereof: "August 10th 1966. Signing of order of appeal pretermitted pending final disposition of the case" and appended his official signature thereto.
Subsequently this case (which was still pending against the co-defendant, Maryland Casualty Company) was transferred to Division "G" by an en banc order of Court and was consolidated for trial with another case which had been filed separately by plaintiff's wife, Emma Thomas, against Reliance Insurance Company.
*517 Following trial of the consolidated cases on the merits the Judge of Division "G" rendered a judgment in the James Thomas case in favor of the plaintiff, James Thomas, against Reliance Insurance Company in the sum of $1,497.89 and dismissed the suit as to Maryland Casualty Company. This judgment was rendered and signed on June 5, 1968. (The record does not contain a copy of the judgment rendered in the Emma Thomas case and we are not here concerned with that case.)
On June 12, 1968 Reliance Insurance Company filed a rule against James Thomas to show cause why the judgment of June 5, 1968 rendered against it should not be set aside on the ground that his suit against it had been dismissed by the judgment of June 8, 1966 rendered by the Judge of Division "A". Following a hearing on the rule the Judge of Division "G" rendered judgment on June 24, 1968 setting aside his judgment of June 5, 1968 insofar as it pertained to Reliance Insurance Company. (We note that James Thomas has appealed from this judgment of June 24, 1968 but the only appeal with which we are here concerned is the appeal by James Thomas from the judgment of June 8, 1966 which dismissed his suit against Reliance Insurance Company.)
As we have seen the Judge of Division "A" who rendered that judgment did not sign the order of appeal therefrom. However the Judge of Division "G", after having been apprised of the situation, signed the order of appeal on August 8, 1968 and fixed the amount of the appeal bond at $250.00. No new appeal bond was filed by the appellant James Thomas.
Notice of the signing of the judgment of June 8, 1966 dismissing plaintiff's suit as to Reliance Insurance Company was duly served on plaintiff's attorney on June 10, 1966. Under the provisions of LSA-C.C.P. Art. 2087, no new trial having been applied for, plaintiff had ninety days following the three day delay prescribed by LSA-C.C.P. Art. 1974 within which to take his devolutive appeal and furnish security therefor. Plaintiff timely filed his petition for appeal on August 3, 1966 but the amount of the appeal bond was not fixed (see LSA-C.C.P. Art. 2124) nor was the order of appeal signed until two years later.
LSA-C.C.P. Art. 2121 reads in part as follows:
"Art. 2121. Method of appealing

"An appeal is taken by obtaining an order therefor within the delay allowed, from the court which rendered the judgment."
This is simply a restatement of the jurisprudence.
"There can be no appeal without an order of appeal duly granted by the court below. That is jurisdictional * *" Doiron v. Vacuum Oil Co., 165 La. 563, 115 So. 752.
"Where there was no order in the court of the first instance granting an appeal, the appeal will be dismissed." Cane v. Pollock, 5 La.Ann. 666.
"The court is without jurisdiction to entertain an appeal without an order of appeal from the trial court, which cannot be waived or dispensed with even by consent of the appellee. The court will take notice of the absence of an order of appeal, and, on its own motion, to dismiss the appeal. * * *" Hinson v. Pelican Provision Co., La.App., 12 So.2d 471.
See also: Gagneaux v. Desonier, 104 La. 648, 29 So. 282; Sammons v. New Orleans Ry. & Light Co., 143 La. 731, 79 So. 320; Cook v. Ruston Oil Mills & Fertilizer Co., Limited, 170 La. 10, 127 So. 347. See other cases cited in West's Louisiana Digest verbo "Appeal & Error".
LSA-C.C.P. Art. 2124 provides in part that the security for a devolutive appeal shall be fixed by the Trial Court. Where there is no order of appeal any bond *518 furnished is a nullity. See Wiley et al. v. Ballio & Perry et al., 171 La. 411, 131 So. 192; Nona Mills Co., Limited v. W. W. Gary Lumber Co., 15 La.App. 560, 132 So. 257.
Appellate Courts acquire jurisdiction only where an order of appeal has been signed and security furnished within the time prescribed by law. See Britt v. Brocato, La.App., 170 So.2d 516; Blanks v. S. H. Kress Company, La.App., 204 So. 2d 722; Geisenheimer Realty Co. v. Board of Commissioners of Port of New Orleans, La.App., 204 So.2d 628; Pan American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79; In re Tutorship of Kitchen, La.App., 162 So.2d 826. See also LSA-C.C.P. Art. 2088.
It is clear that the appeal in this case was not "taken" and perfected within the delays prescribed by law. Appellant argues however that he timely filed his petition for appeal together with a bond and that no fault is attributable to him. While Article 2161 of the Code of Civil Procedure provides that an appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant, the irregularities referred to in this article do not include the failure to bring the appeal within the requisite period. This goes to the heart of the Appellate Court's jurisdictional right to hear the appeal. See In re Tutorship of Kitchen, La.App., 162 So.2d 826.
Appellant further argues that under the provisions of LSA-C.C.P. Art. 2125 the Trial Judge may extend the return day of the appeal for sufficient cause shown and that the action of the Judge of Division "A" in pretermitting the signing of the order of appeal amounted to an extension of the time "of filing the appeal until the case had been disposed of on the merits."
There is no merit to this argument. LSA-C.C.P. Art. 2125 has no application whatever to the matter before us.
The Judge of Division "A" had no authority to extend the statutory period for taking the appeal, even if such was his intention, and the Judge of Division "G" had no authority to grant the order of appeal after the statutory period for appealing had elapsed, and this Court is without jurisdiction to entertain the appeal. See Wulff v. Mayer, La.App., 144 So.2d 246.
For the foregoing reasons the Motion to Dismiss is granted and plaintiff's appeal is dismissed at his cost.
Appeal dismissed.