ON MOTION TO DISMISS APPEAL
Before LANDRY, TUCKER and PICKETT, JJ.
LANDRY, Judge.
Plaintiff (Appellee) has moved to dismiss the suspensive appeal taken herein by defendant, United Fire Insurance Co. (Appellant) for alleged failure to timely obtain an order of appeal. We deny the motion to dismiss upon finding that an order of appeal was timely filed and bond duly posted.
The circumstances leading to this motion to dismiss are undisputed. In essence, plaintiff seeks judgment against Appellant for the proceeds .of a fire insurance policy covering improvements situated on property sold by plaintiff to one Hattie Lee Powell, and mortgaged to plaintiff to secure the purchase price. Suit was instituted against Appellant, the purchaser and Henry O. Scott as endorser of the mortgage note held by plaintiff. Judgment was rendered against all defendants, in solido, on February 22, 1973, in the sum of $4,000.00, the amount held to have been erroneously paid by Appellant to the mortgagor. Judgment to that effect was signed March 7, 1973.
On March 13, 1973, counsel of record for defendants filed the following petition:
“The petition of Norris Smith, plaintiff in the above entitled and numbered cause, respectfully represents:
1.
Petitioner desires to appeal suspensively from the final judgment rendered in the above cause on 22nd day of February, 1973-and read and signed on March 7, 1973.
WHEREFORE, petitioner prays that he be granted a suspensively (sic) appeal in the above entitled and numbered cause returnable unto the Court of Appeal, First Circuit, State of Louisiana, within the delays fixed by law upon his giving bond with good and solvent surety conditioned as the law directs.”
On March 13, 1973, the following order was signed by the trial court:
“CONSIDERING THE FOREGOING PETITION,
LET, Norris Smith be and he is hereby granted a suspensively (sic) appeal from the judgment rendered in the above entitled and numbered cause, returnable in the Court of Appeal, First Circuit, State of Louisiana, on the 11 day of May, 1973, upon his furnishing bond with good and solvent surety conditioned as the law directs in the amount of SIX THOUSAND FIVE HUNDRED ($6,500.00) DOLLARS.”
Attached to the foregoing order is a certificate by counsel for Appellant certifying that a copy of the order of appeal was served upon plaintiff’s counsel of record.
An appeal bond in the amount set by the trial court was posted March 22, 1973, listing the record counsel for Appellant as both principal and surety, and containing, inter alia, the following:
“For the payment whereof, we bind ourselves as follows, to wit: Whereas the above bounden principal _asked for and obtained an order of appeal from the final judg *285 ment rendered against UNITED FIRE INS. in the suit of NORRIS SMITH versus UNITED FIRE INSURANCE CO., ET AL., NO. 143,977 DIV. ‘D', 19TH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE, LOUISIANA, No. 143,977 'D' of the docket of said Court, returnable before the Honorable MELVIN SHORTESS, JUDGE, 19TH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE LOUISIANA.”
On May 9, 1973, counsel for Appellant filed in this court copy of a letter, dated that same day, to the Clerk of the trial court, noting that the appeal was inadvertently taken in the name of plaintiff when in fact it should have been taken in the name of United Fire Insurance Company. Appellee’s motion to dismiss was filed June 20, 1973. On July 11, 1973, Appellant filed in this court an order dated that same day by the trial court granting a suspensive appeal to “United Fire Insurance Company, et al.”
Movant contends the order of appeal obtained in movant’s name by counsel for Appellant was of no legal effect because said counsel did not represent movant, and no appeal was ever taken in the name of United Fire and the other defendants herein. Movant also maintains that counsel’s letter of May 9, 1973, alluding to the inadvertent naming of plaintiff in the original order of appeal, is of no efficacy because an appeal cannot be granted or obtained upon ex parte letter of counsel, but only by order of court. Concluding no order of appeal was issued herein, and that an order of appeal is indispensable to a valid appeal, movant asks dismissal on authority of Gagneaux v. Desonier, 104 La. 648, 29 So. 282; Wiley et al. v. Ballio & Perry et al., 171 La. 411, 131 So. 192; Hinson v. Pelican Provision Co., La.App., 12 So.2d 471; Thomas v. Reliance Insurance Company, La.App., 215 So.2d 515. Movant further maintains that the filing of an appeal bond without a valid order of appeal is a nullity, and the appeal must be dismissed. Walker v. Parish of Tangipahoa, 111 La. 321, 35 So. 585; Wiley v. Ballio, supra. Alternatively, movant suggests that if Appellant’s letter of May 9, 1973, suffices as an order of appeal, the appeal should be maintained as a devolutive appeal only.
Appellant, relying on the well established rule that appeals are favored in law, and are not to be dismissed for mere technicalities and inadvertent inaccuracies, contends the appeal should be maintained as a sus-pensive appeal. In so arguing, Appellant relies upon Alpaugh v. Krajcer, La.App., 54 So.2d 233; Mid State Homes, Inc. v. Davis, La.App., 169 So.2d 404; Succession of Marten Orl.App. 8282; Succession of Pipes, Man.Unrep.Cas. 242; Spiller v. Spiller, 170 La. 813, 129 So. 212; Ray v. Marquez, La.App., 82 So.2d 786.
As contended by Appellant, it is well settled that appeals are favored in law, and must be maintained wherever possible. The more recent decisions of the Supreme Court have restated and reapplied this rule in numerous instances. In Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904, and Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312, appeals were maintained despite the motions therefor reciting that the appeals were taken from judgments rendered on specific dates which were dates on which applications for new trials were denied or refused. In essence, the court held that since the intention of the appealing party was obviously to appeal from judgment on the merits, inadvertent reference to the wrong date of the judgment was a matter of no consequence.
In Smith v. Hartford Accident and Indemnity Company, 254 La. 341, 223 So.2d 826, the motion for appeal alluded to judgment rendered “on the 18th day of January, 1968”, and recited further: “The judgment desired to be appealed from is a judgment dismissing a rule' for a new trial.” Despite such language, the Supreme Court held that inasmuch as the bond was in amount sufficient for suspen-sive appeal from the judgment adverse to appellant, and other circumstances indicat *286 ed intent to appeal the judgment on the merits, the appeal was sustained as an appeal on the merits.
In the case at hand, the judgment on the merits was adverse as to one party only, namely, defendant insurer. The bond posted wps for an amount sufficient to sustain a suspensive appeal from the $4,000.00 judgment awarded in favor of plaintiff. The bond recites it is given as security for an appeal from a final judgment rendered against United Fire Insurance Co. The motion for appeal was presented by counsel of record for United Fire Insurance Co., which counsel appears as surety on the bond. Both the motion for appeal and appeal bond were timely filed. Under the circumstances, there can be no doubt the appeal was intended on behalf of appellant insurer. It is obvious from the record that the naming of plaintiff as appellant was an inadvertent error.
Considering appeals are favored in law, and are not to be dismissed for mere technicalities or inadvertent errors, this appeal is maintained as a suspensive appeal.
The motion to dismiss this appeal is denied.