STOULIG, Judge.
We dismiss this appeal because it was not perfected within the delays prescribed by C.C.P. arts. 2087 and 2088.
Plaintiffs’ suit was dismissed in the trial court by a judgment signed October 9, 1975. Subsequently, they filed a motion for appeal on January 9, 1976. The order granting the appeal was signed on January 14, 1976, conditioned on plaintiffs’ furnishing a $500 bond.
The last day to appeal was January 19, 1976, and no bond had been filed as of that date. On March 9, 1976, plaintiffs obtained an order from the trial judge permitting an appeal in forma pauperis.
Plaintiffs’ counsel now resists dismissal of the appeal by asserting he was not notified of the amount of the bond required as security, and the order granting the right to appeal in forma pauperis relieved appellants of the duty of furnishing any bond whatsoever. To support this position, plaintiffs rely on that language in C.C.P. art. 2161 that prohibits dismissal of an appeal unless the error in perfecting it is attributable to the appellant.
This article is inapposite because the failure to perfect the appeal timely is attributable directly to appellants. The motion for appeal presented requests the court to set a bond. Even though the trial judge did not sign the order on the date it was filed, it was nonetheless appellants’ responsibility to see the bond was in fact set and the security posted before the delays for perfecting the appeal expired. C.C.P. art. 2088. Once the delays for appeal expired without the appeal having been perfected, the judgment became final and a belated order granting the right to appeal in forma pauperis could not revive any rights to appellate review. The arguments advanced for maintaining this appeal were fully considered and rejected by this court in Thomas v. Reliance Insurance Company, La.App., 215 So.2d 515 (1968).
For the reasons assigned, the appeal is dismissed.

APPEAL DISMISSED.