SAMUEL, Judge.
Relator, the Housing Authority of St. John the Baptist Parish, instituted eviction proceedings in a justice of the peace court against respondent, Frankie Lee Butler, a tenant in a low income housing project owned and operated by relator.
Prior to a hearing in that court, respondent filed a petition for injunctive and declaratory relief in the Twenty-ninth Judicial District Court for the Parish of St. John the Baptist. Alleging various violations of both state laws and federal laws and regulations, the petition sought a mandatory injunction and a stay of the proceedings in the justice of the peace court. However, before the petition was heard in the district court a judgment condemning respondent to vacate the premises was rendered and signed by the judge of the justice of the peace court.
On August 21, 1981, approximately twenty-two days after the eviction judgment had been rendered and signed by the justice of the peace, the district court heard and decided respondent’s petition. The district court judge did not grant injunctive or declaratory relief as prayed. Instead, he treated the petition as a “timely filed appeal from the judgment of the Justice of the Peace Court rendered on July 29, 1981” and granted a suspensive appeal without bond.
Relator then applied to this court for writs and respondent has filed an opposition to that application. As the above facts are undisputed, there is no need to issue certio-rari.
Relator makes several contentions in this court. Although some other contentions appear to have merit, as we agree with the first contention, and as that conclusion disposes of the matter, we consider only the first contention: That an appeal can be granted only by the court which rendered the judgment appealed from.
The statutory law on this question is clear. LSA-C.C.P. Art. 2121 provides:
“An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.” LSA-C.C.P. Art. 2121. (Emphasis ours).
It is also clear that the appellate procedure provided in Article 2121 is applicable to justice of the peace courts.[1] And our settled jurisprudence is that an order of appeal must be obtained from the court which rendered the judgment.[2]
In this case only the justice of the peace court which rendered the eviction judgment had the authority to grant an appeal from that judgment.[3]
Accordingly, the granting of an appeal in this matter by the Twenty-Ninth Judicial District Court is annulled and set aside.
*1254 GRANT OF APPEAL ANNULLED AND SET ASIDE.

. LSA-C.C.P. Art. 5004.

. McKnight v. Denouvion, La., 22 La.Ann. 373; Willie v. Otasco, La.App., 347 So.2d 1215; Davis v. Funderburk, La.App., 274 So.2d 781; Thomas v. Reliance Insurance Company, La. App., 215 So.2d 515.

.We note the situation here is quite different from the issuance of mandamus by a higher court ordering a lower court to grant an appeal.