WICKER, Judge.
This appeal arises from a trial de novo in the 24th Judicial District Court for the Parish of Jefferson. On October 17, 1985 the defendant, Santo A. Dileo (Dileo) filed in the 24th Judicial District Court a document entitled “Appeal to the 24th Judicial District Court” stating:
The defendant, Santo A. Dileo, in proper person, is aggrieved by the October 8, 1985 judgment of the Magistrate’s [May- or’s] Court for the City of Gretna and desires to appeal therefrom to the 24th Judicial District Court for the Parish of Jefferson for a trial de novo. This matter bears docket no. 13234, City of Gret-na, v. Santo A. Dileo.
WHEREFORE, defendant, Santo A. Dileo, prays that he be granted said appeal unto the 24th Judicial District Court for the Parish of Jefferson to the end that said judgment of October 8, 1985 be reviewed and annulled.
Submitted with the above motion was an order which read as follows:
IT IS ORDERED THAT defendant, Santo A. Dileo, is granted an appeal (Trial de novo) in the 24th Judicial District Court for the Parish of Jefferson within the delays fixed by law.
IT IS FURTHER ORDERED THAT proceedings in the matter, City of Gretna vs. Santo A. Dileo, No. 13234 in the Magistrate’s [Mayor’s] Court of the City of Gretna be and the same is hereby stayed until the 24th Judicial District Court has completed the herein granted appeal and said judgment is final.
At the conclusion of the proceeding Judge Karno affirmed the judgment of the Gret-na Court, finding him guilty of speeding. *407 He also ordered the defendant to pay court costs and remanded the matter back to the Gretna Mayor’s Court for sentencing. On November 27, 1985 Dileo sought supervisory relief from the ruling of the district court. Upon the lodging of the writ application, this Court ordered the entire record of the proceedings entitled “City of Gretna v. Santo A. Dileo”, bearing docket #250 from the 24th Judicial District Court lodged and the matter placed on the appellate docket for briefing and argument.
Upon receiving the record we noted that there was no record from the Mayor’s Court. In addition, we noted the jurisdictional defects discussed below and issued a show cause order wherein we allowed the parties to supplement their briefs in order to address these issues. However, the jurisdictional defects were not addressed by written brief and were only superficially touched in oral argument by defense counsel.
Appellant, Dileo, assigns the following specifications of error:
1. That the district court erred in allowing introduction of the July 12, 1982 certificate of accuracy of the 88 m.p.h. tuning fork in that it was hearsay evidence as well as being stale;
2. That the district court erred in allowing Officer Tassin to testify about the radar results when no foundation was laid by the state as to his training and experience in the operation of the radar gun;
3. That the district court erred in allowing the introduction of the results of the TF-100 radar gun since the state laid no foundation as to its accuracy on July 2, 1985;
4. That the district court erred in failing to grant defendant’s motion for a directed verdict since the state had not proven beyond a reasonable doubt that the defendant was guilty of speeding and further by failing to allow the defendant to support the motion by legal argument, and
5. That the district court erred in affirming the guilty verdict of the Gretna City Court [Mayor’s] since the state failed to prove beyond a reasonable doubt that the defendant’s vehicle was within the range of the radar gun at the time of the alleged violation.
The testimony at the trial de novo set out the following: Lieutenant Conrad Tas-sin of the Gretna Police Department related that at approximately 11:25 a.m. on July 2, 1985 he was conducting a radar surveillance of traffic proceeding from the courthouse along First Street toward the Mississippi River Bridge. He recounted that he visually observed Dileo’s vehicle, a Jaguar, exceeding the posted speed limit and focused the radar unit on the car as it proceeded toward him. The radar unit reportedly reflected that the Dileo vehicle was travelling forty (40) miles per hour. Dileo was then pulled over to the side of the road and ticketed for speeding under Gretna Ordinance 1463.
Since the serious jurisdictional issues presented by this writ application warrant the reversal of the district court’s trial de novo and its remand to the Gretna Mayor’s Court, we pretermit a discussion of appellant’s specifications of error which all relate to the merits of his claim.
The three serious jurisdictional defects we have noted are the following: (1) Dileo was not sentenced by the Gretna Mayor’s Court prior to his motion for appeal; (2) the appeal was not timely filed and (3) the motion for appeal was not filed in the court which rendered the judgment.
With regard to the first jurisdictional defect noted above, we find the following: In response to questioning by the trial judge regarding the sentence received in the Gretna Court, Dileo’s testimony revealed the noted exchange:
“THE COURT:
What were you fined and assessed in the City of Gretna?
A. There was not fine, because...
THE COURT:
There was no fine. In other words...
A. No, I took my appeal.
THE COURT:
*408 .. .they didn’t—all they did was find you guilty, but they did not impose a sentence.
A. That is correct.” [Emphasis supplied]
We can only consider the above testimony since we have no record from the Gret-na Mayor’s Court. In light of the testimony and the lack of a record from the May- or’s Court the sentencing in that court did not occur prior to the defendant’s motion for appeal to the district court. Therefore, there was no right of appeal pursuant to L.S.A.-R.S. 13:1896(A), which governs appeals from a mayor’s court:
A. Mayor’s courts and justice of the peace courts. (1) In criminal cases, the district courts have appellate jurisdiction over all appeals from orders of justices of the peace requiring a peace bond, and, except as otherwise provided by law, over all appeals from a mayor’s court where a person has been subjected to imprisonment or a forfeiture of rights or property. Appeals from mayor’s courts and justice of the peace courts, as provided for herein, shall be tried de novo... [emphasis added]
Since the conviction without the sentence did not result in imprisonment nor a forfeiture of rights or property, there was no right of appeal at the time the appeal was taken by Dileo. Accordingly, the district judge erred in granting and conducting the trial de novo.
With regard to the second jurisdictional defect noted above, we find that even should the conviction have constituted an appealable judgment, it was not timely appealed to the district court. R.S. 13:1896(A) states: “(2) Appeals in all criminal cases tried in mayor’s courts ... shall be taken within the time prescribed in the Louisiana Code of Criminal Procedure.” The record reflects that the conviction occurred on October 8, 1985 but was not appealed until October 17, 1985. L.S.A.-C. Cr.P. Art. 914 sets the appeal delay at five days. Accordingly, the conviction was final when appealed and the defendant had no right to seek an appeal through the normal appellate processes. See State v. Counterman, 475 So.2d 336 (La.1985).
Lastly, Dileo obtained the appeal order for his trial de novo from the 24th Judicial District Court rather than from the Gretna Mayor’s Court. It was the Gretna Court which had found him guilty of speeding. Therefore, only that court had the authority to grant the appeal from its judgment. Housing Authority of St. John the Baptist Parish v. Butler, 405 So.2d 1252 (La.App. 4th Cir.1981); L.S.A.-C.C.P. Articles 2121 and 5004. Moreover, when Dileo bypassed the proper procedure, the Gretna record was never lodged.
Accordingly, for the reasons set forth the judgment of the 24th Judicial District Court affirming defendant’s conviction in the Gretna Mayor’s Court is reversed. This case is remanded to the Gretna May- or’s Court for sentencing and for any further proceedings according to law.
REVERSED AND REMANDED