TED R. BROYLES, Judge Pro Tern.
This case was previously before us and the facts will not be repeated herein. Hagberg v. John Bailey Contractor, 435 So.2d 580 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 1245 (La.1984). In that case originally, the trial court rendered judgment for plaintiff against Bailey and Ab-shire, joint venturers, and Trinity, solidarily, for $95,704.49, with attorney fees and interest. Defendants Abshire and Trinity suspensively appealed,[1] and we held that the plaintiff was not entitled to recover any amount beyond the actual cost of materials, services and labor, taking nothing for overhead and profits. This was a consequence of the finding that plaintiff had no contractor’s license as required by La.R.S. 37:2150, et seq. We further disallowed attorney’s fees and interest on the amount of recovery from date of the lien filing (as ordered by the trial court), and remanded the case to the trial judge for further proceedings for the limited purpose of determining the amount owed by defendant to plaintiff.
Subsequent to our decision referred to hereinabove, plaintiff filed a rule nisi in the district court against Trinity only, seeing recovery of the judgment of the trial court, and attorney fees, under Trinity’s obligation as surety on the removal of the lien bond. This claim is based on the theory that the joint venture consisting of Bailey and Abshire did not appeal and that, therefore, the judgment is final.
The trial court denied plaintiff’s rule stating that the original appeal “covered all aspects of its (Trinity’s) liability under the judgment from which the appeal was taken.” [2]
It is from that judgment that the plaintiff now appeals to us.
It is pertinent to observe that no reference is made to a joint venture in the original contract with the Town of Lake Arthur or in the removal of lien bond on which Trinity was surety. Throughout the initial appeal, however, and on application to the Supreme Court for writs, the parties, including plaintiff, and the courts expressly recognized that all parties were before the court on appeal. (See, e.g., the introductory paragraph of opinion 435 So.2d 580.)
Assuming that there was a joint venture between Bailey and Abshire, we concur with the trial judge in his conclusion that the appeal by Abshire was tantamount to an appeal by the joint venture.
Joint ventures are likened to partnerships and, in general, are governed by *1281 the same rules. Huffman Technical Drilling, Inc. v. Smith, 424 So.2d 435, 438 (La. App. 5th Cir.1982).
La.C.C. Article 2814 provides in part: “A partner is a mandatary of the partnership for all matters in the ordinary course of its business other than the alienation, lease, or encumbrance of its immovables.”
Great American Indemnity Co. v. Laird, 73 So.2d 6 (La.App. 2nd Cir.1954).
Appeals are favored in law, and should not be dismissed for mere technicalities or inadvertent inaccuracies. Smith v. United Fire Insurance Co., 303 So.2d 283 (La.App. 1st Cir.1973) (involving transposition of names of the parties); Deville, et al v. City of Opelousas, 243 So.2d 118 (La.App. 3rd Cir.1971) (some of the appellants were not specifically named).
Accordingly, we affirm the judgment of the trial court which denied plaintiff’s rule to show cause, and we again remand this case to the trial court for the purposes expressed in our first decision, 435 So.2d 580.
All costs of this appeal are assessed against appellant.
AFFIRMED AND REMANDED.

. The motion for appeal was in the names of Abshire and Trinity without reference to a joint venture.

. Trinity urged exceptions to the use of summary procedure and of venue, which were not ruled on by the trial judge. In view of the conclusions reached herein, we shall similarly pretermit ruling on the exceptions.