542 So.2d 163 (1989)
Robert BELSER, M.D.
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, et al.
No. CM 88 1434.
Court of Appeal of Louisiana, First Circuit.
April 11, 1989.
Paul H. Dué, Baton Rouge, W. Hugh Sibley, Greensburg, for Robert Belser, M.D.
*164 Ernest P. Gieger, Jr., Sharon D. Smith, Margaret Diamond, New Orleans, for Extracorporeal Medical Specialties, Inc.
William E. Willard, Powers, Vaughn & Clegg, Baton Rouge, for Shiley, Inc.
Arthur H. Andrews, Funderburk & Andrews, Baton Rouge, for Aetna and Texas Medical Products, Inc.
Carey J. Guglielmo, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, for Bard Cardiopulmonary.
Before WATKINS, LANIER and LeBLANC, JJ.
LANIER, Judge.
This is a motion to dismiss an appeal as untimely.

PROCEDURAL FACTS
This suit for damages was originally filed in the Twenty-First Judicial District Court (JDC) in St. Helena Parish. Made parties defendant were Dr. B. Eugene Berry, St. Paul Fire & Marine Insurance Company (St. Paul), and five foreign corporations (appellants)[1]. Dr. Berry and St. Paul filed a declinatory exception raising the objection of improper venue which was overruled by the trial court. On appeal from that judgment, this court reversed the trial court, sustained the exception and ordered this suit (insofar as it pertained to Dr. Berry and St. Paul) transferred to the Nineteenth Judicial District Court for further proceedings. Belser v. St. Paul Fire & Marine Insurance Company, 509 So.2d 12 (La.App. 1st Cir.1987). Although they were not parties to the exception and did not appear before this court on appeal, the appellants filed a petition in these proceedings in the Nineteenth Judicial District Court seeking to enjoin the plaintiff from proceeding against them in the suit in the Twenty-First Judicial District Court on the ground that this court's judgment was "binding on all parties to the instant action" and that "[i]n contravention of the judgment of the First Circuit Court of Appeal, plaintiff seeks to pursue his action in St. Helena Parish against movers herein." On January 7, 1988, the Nineteenth Judicial District Court rendered judgment denying injunctive relief to the appellants.
On February 25, 1988, the appellants filed a pleading which provided as follows:

NOTICE OF APPEAL
Notice is hereby given that Extracorporeal Medical Specialties, Inc.; Bard Cardiopulmonary; Sarns, Inc.; Shiley, Inc.; and Aetna and Texas Medical Products, Inc., defendants, appeal to the First Circuit, Court of Appeals, State of Louisiana, from the Judgment entered herein on January 7, 1988.
On April 27, 1988, the appellants filed a pleading which provided as follows:

ORDER
It Is Ordered that a devolutive appeal be granted to the defendants, Extracorporeal Medical Specialties, Inc.; Bard Cardiopulmonary; Sarns, Inc.; Shiley, Inc.; and Aetna and Texas Medical Products, Inc., and that the appeal of this case be returnable to the Court of Appeal, First Circuit, in accordance with law.
Baton Rouge, Louisiana, this 27 day of April, 1988.
 [Doug Gonzales]
 JUDGE
Thereafter, on August 9, 1988, the Clerk of the Nineteenth Judicial District Court issued a notice of appeal, which provided as follows:
NOTICE is hereby given that on APRIL 27, 1988, upon motion of, DEFENDANTS in the above numbered and entitled cause, an order of appeal was entered granting a DEVOLUTIVE ... appeal from the judgment of JANUARY 7, 1988, which appeal is returnable to FIRST CIRCUIT COURT OF APPEAL IN ACCORDANCE WITH LAW.
Also on August 9, 1988, the following entry was made in the court minutes:

*165 TUESDAY, AUGUST 9, 1988 Division "L"
AMENDMENT TO MINUTES OF 4-27-88
On motion of counsel for defendants, an order of devolutive appeal was granted from the judgment of January 7, 1988, returnable to the First Circuit Court of Appeal in accordance with law.
On September 2, 1988, the plaintiff filed this motion to dismiss the appeal as untimely.

TIMELINESS OF APPEAL
The plaintiff asserts the appeal is untimely because (1) the petition of the appellants was for a preliminary injunction and, pursuant to La.C.C.P. art. 3612, an appeal from a judgment relating to a preliminary injunction must be taken within 15 days, and (2) the pleading filed on February 25, 1988, was not a valid motion or order for an appeal and, even if the 60 day period of La.C.C.P. art 2087 were applicable, the order of appeal entered on April 27, 1988, was not timely. Appellants respond that (1) their petition was for a permanent injunction (and not a preliminary injunction), (2) the 60 day delay for taking an appeal is applicable, (3) the pleading filed on February 25, 1988, was in fact a motion for an appeal and was timely, and (4) the filing of the order of appeal on April 27, 1988, after the 60 day period elapsed, did not affect the validity of the appeal.
The method of taking an appeal is set forth in La.C.C.P. art. 2121 as follows:
An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.

An order of appeal may be granted on oral motion in open court, on written motion, or on petition. This order shall show the return day of the appeal in the appellate court and shall provide the amount of security to be furnished, when the law requires the determination thereof by the court.
When the order is granted, the clerk of court shall mail a notice of appeal to counsel of record of all other parties, to the respective appellate court, and to other parties not represented by counsel. The failure of the clerk to mail the notice does not affect the validity of the appeal.
[Emphasis added.]
The method for taking an appeal involves three procedural elements: (1) a motion or petition for appeal, (2) an order of appeal, and (3) a notice of appeal. The reason for a notice of appeal is set forth in Official Revision Comment (c) for Article 2121 as follows:
Under the 1870 Code citation of appeal was required in all cases except when the order of appeal could be, and was, granted on oral motion in open court. Under this article, no citation of appeal is necessary, but as a substitute therefor the clerk of court is required to issue or to mail notices of appeal to all appellees. Failure of the clerk to issue and to mail these notices does not affect the validity of the appeal. If the appellees receive no notices of appeal, they will be entitled to obtain a delay of the proceedings in the appellate court, if necessary.
The appellants contend that, despite its caption, the pleading of February 25, 1988, is a written motion or petition for an appeal.[2] They assert "[t]he pleading was a clear announcement to the parties and the court of the appellants' wish to take an appeal from the January 7, 1988 judgment, and pursuant to that pleading the trial court granted the order of appeal...."
Pleadings in civil actions are petitions, exceptions, written motions and answers. La.C.C.P. art. 852. A pleading should have a caption which designates what type of pleading it is. La.C.C.P. art. 853. However, a pleading is governed by its substance rather than its caption. Bryant v. Middlebrooks, 486 So.2d 188 (La. App. 1st Cir.1986). Pleadings should be construed for what they really are, not for what they are erroneously designated. Acadiana Bank v. Hayes, 498 So.2d 275 *166 (La.App. 1st Cir.1986). No technical forms of pleadings are required. La.C.C.P. art. 854. Every pleading shall be so construed as to do substantial justice. La.C.C.P. art. 865.
The elements of a petition are set forth in La.C.C.P. art. 891 as follows:
The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause of action is based; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative.

[Emphasis added.]
In La.C.C.P. Form 1407, a suggested form for a petition for an appeal is set forth as follows:
Petition and Order for Appeal
The petition of Earl A. Neyrey, who is the defendant in the above entitled case, and is domiciled in this parish with respect represents:

1.
Final judgment was rendered in the above entitled case on March 15, 1968.

2.
Petitioner desires to appeal suspensively from that judgment.
WHEREFORE, petitioner prays that the Court grant a suspensive appeal from the judgment rendered on March 15, 1968.
 (Signed) Francis X. Correro
 Francis X. Correro
 2163 National American Bank Bldg.
 New Orleans, Louisiana.
 [Emphasis added.] [Footnotes omitted.]
The elements of a written motion are set forth in La.C.C.P. art. 962 as follows:
A written motion shall comply with Articles 853 and 863, and shall state the grounds therefor, and the relief or order sought. It must also comply with Article 854 if the motion is lengthy, and whenever applicable, with Articles 855 through 861.
[Emphasis added.]
In La.C.C.P. Form 1404, a suggested form for a written motion and order for an appeal is set forth as follows:
Motion and Order for Appeal
On motion of Earl A. Neyrey, the defendant, through his undersigned counsel, that the Court grant a suspensive appeal from the judgment rendered on March 15, 1968,

IT IS ORDERED that a suspensive appeal be granted to the defendant upon his furnishing legally acceptable security in the amount of $_______, and that the appeal be returnable to the Court of Appeal, Fourth Circuit, on __________, 1968.
New Orleans, Louisiana, this ___ day of ________, 1968.
 (Signed) Richard B. McDougal
 Judge
(Signed) Francis X. Correro
Francis X. Correro
2163 National American Bank Bldg.
New Orleans, Louisiana
[Emphasis added.] [Footnotes omitted.]
La.C.C.P. art. 2121 is clear and unambiguous in distinguishing between a motion (petition) for appeal, an order of appeal and a notice of appeal. The distinguishing feature of a petition (motion) for appeal is that it prays for (seeks) a judgment (or an order) from a judge for specified relief (an appeal). A notice of an appeal does not seek a judgment or order from a judge for specified relief. For example, Fed.R.App. P. 3(a) and (c) provides as follows:
Rule 3. Appeal as of RightHow Taken
(a) Filing the Notice of Appeal. An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal *167 does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal. Appeals by permission under 28 U.S.C. § 1292(b) and appeals by allowance in bankruptcy shall be taken in the manner prescribed by Rule 5 and Rule 6, respectively.
. . . .
(c) Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal. An appeal shall not be dismissed for informality of form or title of the notice of appeal. [Underscoring added.]
Fed.R.App.P. Form 1 sets forth a form for a notice of appeal as follows:
Form 1. Notice of Appeal to a Court of Appeals from a Judgment or Order of a District Court
United States District Court for the
__________ District of __________
File Number ____
 A.B., Plaintiff
 v.
 C.D., Defendant
 Notice of Appeal
Notice is hereby given that C.D., defendant
above named, hereby appeals to
the United States Court of Appeals for
the ____ Circuit (from the final judgment)
(from the order (describing it)) entered
in this action on the ___ day of
___________, 19__.
 (S) ____________
 ____________
 (Address)
 Attorney for C.D.
The pleading filed by the appellants on February 25, 1988, is very similar to Form 1.[3] Neither that pleading nor Form 1 prays for (seeks) a judgment (an order) from a judge for an appeal. Accordingly, after reviewing the substance of the appellants' February 25, 1988 pleading, we conclude that it is a notice of appeal and not a petition or motion for an appeal.
An appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. La.C.C.P. art. 2082. In Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594, 599 (La. 1963), appears the following:
Appeals are favored and aided by the courts.... The law is too well settled to require the citation of authority that appeals are favored in the law, must be maintained wherever possible and will not be dismissed for technicalities.... Unless the ground urged for the dismissal is free from doubt an appeal will be sustained.
[Citations omitted.]
In Maddens Cable Service, Inc. v. Gator Wireline Services, Ltd., 509 So.2d 21, 23 (La.App. 1st Cir.1987), appears the following:
La.C.C.P. art. 5051 admonishes us that the articles of the Louisiana Code of Civil Procedure must "be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." The official revision comment for Article 5051 states that it "expresses the procedural philosophy of this Code and serves as a constant reminder to the bench and bar that procedural rules are only a means to an end, and not an end in themselves." Lawsuits should be decided on their merits and should not turn on arbitrary or technical rules of procedure. *168 Because the appellants' February 25, 1988 pleading is so clearly a notice of appeal, and is not a petition or motion for an appeal, the above-cited jurisprudence is not controlling. Further, if we were to rule that the questioned pleading were a petition or motion for an appeal, we would render meaningless the distinction between a petition or motion for appeal and a notice of appeal recognized in La.C.C.P. art. 2121. Otherwise, if the questioned pleading were a petition or motion for an appeal, what would constitute a notice of appeal?
Because the appellants' February 25, 1988 pleading was not a petition or motion for an appeal, the order of appeal signed on April 27, 1988, was not timely. Because the order of appeal was not timely, the appeal was not timely, and this court has no appellate jurisdiction to hear this case. La.C.C.P. arts. 2087 and 2088; Thomas v. Department of Corrections, 430 So.2d 1153 (La.App. 1st Cir.), writs denied, 435 So.2d 432 (La.1983) and 438 So.2d 566 (La. 1983).

DECREE
For the foregoing reasons, the motion to dismiss the appeal is granted, and the appeal is ordered dismissed. Appellants are cast for all costs.
APPEAL DISMISSED.
NOTES
[1] The five foreign corporations are Extracorporeal Medical Specialties, Inc., Bard Cardiopulmonary, Shiley, Inc., Texas Medical Products, Inc., and Sarns, Inc.
[2] The appellants do not contend that the pleading of February 25, 1988, is an order of appeal. Obviously, it is not an oral motion for an appeal. See, for example, La.C.C.P. Form 1401.
[3] See also La.C.C.P. Form 1410, which provides as follows:

Notice of Appeal
NOTICE IS HEREBY GIVEN that on March 22, 1968, the court granted defendant's motion for a suspensive appeal from the judgment rendered on March 15, 1968. The court's order provides that the appeal shall be returnable in the Court of Appeal, Fourth Circuit, on May 22, 1968.
New Orleans, Louisiana, this 25th day of March, 1968.
 (Signed) James L. Donaldson
 Clerk of Court
(Seal)
[Footnote omitted.]