566 So.2d 197 (1990)
Cynthia Ledet RATCLIFF, Individually and as Tutrix of her minor Child's Estate, John Quitman Ratcliff, Jr.
v.
Earl M.J. BOYDELL, Jr. and Deonne DuBarry d/b/a DuBarry & Boydell and DuBarry & Boydell, A Professional Law Corporation.
No. 89-CA-1627.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1990.
Rehearing Denied September 19, 1990.
*198 Dawn M. Barrios, Bruce S. Kingsdorf, Cleveland, Barrios, Kingsdorf & Casteix, New Orleans, for defendants/appellees (Dawn Barrios, wife of Brandon M. Wool, M.D. and Brandon M. Wool).
Earl M.J. Boydell, Jr., Mark N. Caracci, Law Offices of Earl M.J. Boydell, Jr., and Deonne DuBarry, New Orleans, for plaintiffs-in-reconvention/ defendants/appellants.
Before LOBRANO, WARD and ARMSTRONG, JJ.
LOBRANO, Judge.
This case comes before this court as a purported devolutive appeal.
The facts leading to this litigation are as follows:
On June 2, 1984, John Quitman Ratcliff, Sr., husband of Cynthia Ledet Ratcliff and father of John Quitman Ratcliff, Jr., was killed in an automobile accident.
On September 28, 1984, Cynthia Ratcliff on behalf of herself and her son, via written agreement, employed and retained the legal services of Deonne DuBarry and Earl M.J. Boydell, Jr., to investigate, prosecute and collect by suit, compromise or otherwise any claims arising out of the accident. The contingency fee agreement set out the percent of attorneys' fees to which DuBarry and Boydell would be entitled. Following a four-day trial, a settlement was reached which consisted of a lump sum cash settlement and a deferred annuity. Ratcliff objected to the calculation of attorneys' fees on the deferred annuity. Seeking redress in this matter, Ratcliff retained Dawn M. Barrios as legal counsel. Barrios, as attorney for Ratcliff and her minor son, filed a Petition for Damages against DuBarry and Boydell alleging in pertinent part:
XXIV
"Defendants have breached the Canons of Ethics in soliciting a client and withholding funds owed to plaintiffs, have breached the fee agreement between the parties, and have dealt with plaintiffs in an unfair, fraudulent, illegal, unethical and immoral manner."
In response to Ratcliff's petition, specifically the above cited language, DuBarry and Boydell filed a Petition for Damages against Dawn M. Barrios and Barrios' husband, Brandon M. Wool, M.D. for defamation and malicious prosecution.[1]
*199 On November 25, 1987, Barrios filed a Peremptory Exception of No Cause of Action alleging that DuBarry and Boydell had no cause of action against her or her husband for filing a lawsuit on behalf of her client.
Barrios asserted that her exception should be granted because a qualified privilege exists in Louisiana for statements made in a judicial proceeding as long as the statements are material and made with probable cause and without malice.
On January 12, 1988, following a hearing on the exception, Commissioner Charles L. Rivet upheld Barrios' exception and dismissed the defamation/malicious prosecution suit against her and her husband. Before accepting the commissioner's recommendation, the Honorable Thomas A. Early, granted further argument on the exception. Thereafter, the court upheld the commissioner's recommendation and granted Barrios' Exception of No Cause of Action on May 27, 1988.
It is this judgment that DuBarry and Boydell purport to appeal devolutively. Barrios filed a Motion to Dismiss the appeal asserting that DuBarry and Boydell failed to obtain the requisite Order of Appeal and thus no appeal was "taken" and no jurisdiction vests in this court. We agree.
La.C.C.P. Article 2121 reads as follows:
"An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.
An order of appeal may be granted on oral motion in open court, or written motion, or on petition. This order shall show the return day of the appeal in the appellate court and shall provide the amount of security to be furnished, when the law requires the determination thereof by the court." (emphasis added)
Thus, the method for "taking" an appeal involves three procedural elements: (1) a motion or petition for appeal, (2) an order of appeal, and (3) a notice of appeal. See, Belser v. St. Paul Fire and Marine Ins. Co., 542 So.2d 163 (La.App. 1st Cir.1989).
It is well settled that the law favors appeals. La.C.C.P. Article 2161 provides in pertinent part:
"An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant."
It is equally well settled, however, that without the essential element of an order of appeal from the court which rendered the judgment, the appellate court is without jurisdiction. La.C.C.P. Art. 2088; Thomas v. Reliance Insurance Co., 215 So.2d 515 (La.App. 4th Cir.1968). When no order of appeal "has been obtained" (which implies a signature vis-a-vis the filing), the appellate court will take notice of the failure of the "appellants" to obtain said order, and, on its own motion, dismiss the appeal for lack of jurisdiction. C.C.P. Art. 2162; Thomas v. Reliance, supra; Norbert v. Norbert, 419 So.2d 1247 (La. App. 3rd Cir.1982). See also, Cook v. Ruston Oil Mills and Fertilizer Co. Ltd., 170 La. 10, 127 So. 347 (1930); Doiron v. Vacuum Oil Co., 165 La. 563, 115 So. 752 (1928); Sammons v. New Orleans Ry. and Light Co., 143 La. 731, 79 So. 320 (1916); Gagneaux v. Desonier, 104 La. 648, 29 So. 282 (1901); Davis v. Funderburk, 274 So.2d 781 (La.App. 3rd Cir.1973); Hinson v. Pelican Provisions Co., 12 So.2d 471 (La.App. 1st Cir.1943).
A careful review of the record clearly shows that the purported devolutive appeal from the May 27, 1988 judgment was not "taken" and perfected as prescribed by law. On July 27, 1988 DuBarry and Boydell filed a pleading curiously captioned, "Motion and Order to Designate Record for Appeal Only as an alternative to the Refusal of Notice of Devolutive Appeal." In that pleading DuBarry and Boydell state... "Plaintiffs believe it is proper to file a notice[2] of devolutive appeal rather than *200 the motion and order herein filed. However, some doubt has been expressed by the district court judge in this matter, therefore in the abundance of caution, the above motion has been filed." (emphasis added)
While it is true that the intent of a pleading should be determined by its substance rather than its caption, See; Belser v. St. Paul Fire and Marine Ins., supra; Acadiana Bank v. Hayes, 498 So.2d 275 (La.App. 1st Cir.1986), this pleading is confusing at best. The fact that DuBarry and Boydell also state in the pleading that they ... "desire to appeal a judgment rendered in Civil District Court on a Motion for Exception of No Cause of Action ...", is not sufficient to change the substance of the pleading to that of a Motion/Petition for appeal. See, Davis v. Funderburk, supra. Furthermore, even assuming, arguendo, that DuBarry and Boydell had filed what could be construed as a valid Motion/Petition for appeal, no order of appeal was ever obtained. It is incumbent upon the party litigant or his counsel to obtain the order of appeal. Failure to do so is imputable to him. See, Fidelity Bank and Trust Co. of Slidell v. Pinewood Country Club, Inc., 250 So.2d 577 (La.App. 1st Cir.1971). The order signed July 28, 1988 is clearly an order granting DuBarry and Boydell's motion to designate the record pursuant to C.C.P. Art. 2128 and is not an order of appeal.[3]
Since DuBarry and Boydell have failed to file the requisite Motion/Petition for appeal and obtain an order of appeal within the delays allowed by law, this court is without jurisdiction to entertain this "appeal".
For the foregoing reasons, we dismiss this "appeal" at DuBarry and Boydell's costs.
APPEAL DISMISSED.
NOTES
[1] C.D.C. No. 86-19056. In addition, DuBarry and Boydell sued Ratcliff individually for defamation and malicious prosecution and additional attorneys' fees in C.D.C. No. 86-15175. Both suits were consolidated with Ratcliff's original suit seeking return of attorneys' fees. C.D.C. No. 86-11313.
[2] DuBarry and Boydell confuse a notice of appeal with a Motion/Petition for appeal as per C.C.P. Article 2121.
[3] DuBarry and Boydell have attached to their brief a pleading captioned "Notice of Devolutive Appeal". No original appears in the record. The certification is dated July 21, 1988, six days before expiration of the appeal time and the filing of their "Motion and Order to Designate Record for Appeal Only As An Alternative to the Refusal of Notice of Devolutive Appeal." Curiously, however, this pleading, in contrast to all other pleadings regarding this matter, bears no date stamp from the Civil District Court Clerk's office proving that it was filed in the record. Furthermore, the copy of the order of appeal, attached thereto, is not signed by the trial court.