DENNIS R. BAGNERIS, SR., Judge.
_JjThis is a domestic case between the appellant, Kimberly Sibley Bremermann (Ms. Sibley), and Wayne Bremermann (Mr. Bremermann). In a hearing before the trial court on October 1, 2004, the parties reached a Consent Judgment regarding the custody and visitation of their two children. The agreement was read into the record. Mr. Bremermann’s attorney subsequently prepared the Consent Judgment, which was signed by the trial judge on November 29, 2004.
On December 6, 2004, Ms. Sibley filed a Motion for New Trial, Motion to Vacate and Set Aside Judgment, and Motion to Amend Judgment. Ms. Sibley maintained in the motions that the Consent Judgment was obtained without review or authorization by Ms. Sibley or her attorney, and that the judgment, particularly the visitation schedule, did not conform exactly to the agreement that was read into the record,
The trial court denied the motions ex parte on December 8, 2004, noting that the “judgment is the correct formalization of an agreement entered into by the parties in open court.” The first jurisdictional issue arises because the notice of signing of the December 8, 2004 judgment does not appear in the record.
| gThe second jurisdictional issue arises from the fact that on February 4, 2005 (within sixty days of the December 8, 2004 judgment), Ms. Sibley filed a pleading captioned, “Notice of Intent to File Devolutive Appeal.” That pleading does not contain an order or prayer for an appeal. Subsequently, on February 9, 2005 (sixty-three days after the December 8, 2004 judgment), Ms. Sibley filed a “Petition for De-volutive Appeal.” The petition did contain an order for appeal, which was signed by the trial judge on March 1, 2005.
The question raised by this set of circumstances is whether the timely filing of the notice of intent to appeal was sufficient to meet the requirements for the filing of an appeal pursuant to La. C.C.P. art. 2121. The article provides:
An appeal is taken by obtaining an order therefore, within the delay allowed, from the court which rendered the judgment. An order of appeal may be granted on oral motion in open court, on written motion, or on petition. This order shall show the return day of the appeal in the appellate court and shall provide the amount of security to be furnished, when the law requires the determination thereof by the court.
When the order is granted, the clerk of court shall mail a notice of appeal to counsel of record of all other parties, to the respective appellate court, and to other parties not represented by counsel. The failure of the clerk to mail the notice does not affect the validity of the appeal.
This court has clearly stated that “the method for ‘taking’ an appeal involves three procedural elements: (1) a motion or petition for appeal, (2) an order of appeal, and (3) notice of appeal.” Ratcliff v. Boydell, 566 So.2d 197, 199 (La.App. 4 Cir. 1990). In Ratcliff, the appellant filed a pleading entitled “Motion and Order to Designate Record for Appeal Only as an alternative to the Refusal of Notice of Devolutive Appeal.” An order, designating the record for appeal, was signed. Even recognizing that the appellant appar *189 ently confused a notice of appeal with a | smotion/petition for appeal, we held that because no order of appeal was ever obtained, the appeal was not “taken” and perfected in accordance with La. C.C.P. art. 2121.
In Belser v. St. Paul Fire & Marine Ins. Co., 542 So.2d 163 (La.App. 1 Cir.1989), the appellants initiated the appeal process by filing a notice of appeal which did not contain an order. Subsequently, after the appeal delays had run, the appellants filed a motion and order for appeal, which was signed by the court. The appellants argued that despite the caption of the notice of appeal, the pleading was a clear announcement of the appellants wish to take an appeal. The Belser court recognized that the intent of a pleading should be determined by its substance rather than its caption, however, it rejected the appellants’ argument, stating:
La. C.C.P. art. 2121 is clear and unambiguous in distinguishing between a motion (petition) for appeal, an order of appeal and a notice of appeal. The distinguishing feature of a petition (motion) for appeal is that it prays for (seeks) a judgment (or an order) from a judge for specified relief (an appeal). A notice of an appeal does not seek a judgment or order from a judge for specified relief.
The court in Belser concluded that because the appellants’ initial pleading was not a petition or motion for an appeal, the subsequent order of appeal was not timely. Furthermore, the court held that because the order of appeal was not timely, the appeal was not timely, and the court lacked jurisdiction to hear the case.
Recognizing that appeals are favored in the law, the Louisiana Supreme Court has stated that no appeal should be dismissed when the motion for appeal is timely filed but the order is not signed until after the delay has run. Traigle v. Gulf Coast Aluminum Corporation, 399 So.2d 183 (La.1981). In Lifecare Hospitals, Inc., v. B & W Quality Growers, Inc., 39,065 (La.App. 2 Cir. 7/8/04), 875 So.2d 135, the second circuit, in following Traigle, refused to dismiss an appeal where |4the appellant failed to attach an order to his timely filed motion for appeal and the order was not signed until after the appeal delay had run.
The present case, unlike Traigle and Lifecare Hospitals, Inc., does not involve a timely filed motion/petition for appeal where the order was signed after the delays had run. Instead, we have a notice of intent to appeal (with no accompanying order or prayer for an appeal) filed within the sixty-day devolutive appeal delay and a petition for appeal filed sixty-three days after the signing of judgment, with the added complication that the record before us does not contain a notice of signing of judgment.
Decree
Given the above circumstances this appeal is dismissed because it was not properly “taken” pursuant to the requirements of La. C.C.P. art. 2121.
APPEAL DISMISSED.