939 So.2d 428 (2006)
STATE of Louisiana
v.
Gerard M. BEAUDOIN.
No. 06-CA-88.
Court of Appeal of Louisiana, Fifth Circuit.
June 29, 2006.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Desiree M. Valenti, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Julie C. Tizzard, Gretna, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and CLARENCE E. McMANUS.
JAMES L. CANNELLA, Judge.
On November 24, 2004, the Appellants filed a Motion to Set Aside the Judgment for Bond Forfeiture and Nullity of Judgment. According to a minute entry, a hearing was held on that date and the motion was denied by the trial judge in open court. The bench ruling was not reduced to a written judgment signed by the trial judge. Instead, the word "Denied" was written across the motion, initialed by an unknown person, obviously not the trial judge. That does not constitute a final judgment.
La.C.C.P. art. 1911 requires the trial judge to sign a final written judgment, and further provides that no appeal may be *429 taken until that requirement is met.[1] See also: Rule 9.5 of the Rules for Civil (Except For Family, Juvenile or Domestic Relations) Proceedings in District Court. A minute entry and an oral judgment that has not been reduced to writing and signed by the trial judge are insufficient to divest jurisdiction from the trial judge and for the appellate court to obtain jurisdiction.[2] Thus, without a written judgment signed by the trial judge, this appeal is premature. See: La. C.C.P. art. 1911; C.C.P. art. 1918; Lenard v. Goodwin, 554 So.2d 294 (La.App. 5th Cir.1989); City of Kaplan v. Mayard, 616 So.2d 826, 827 (La.App. 3rd Cir.1993).
We issued an order to show cause to the Appellant as to why the appeal should not be dismissed for prematurity. The Appellant agreed that the appeal was premature. Consequently, the appeal must be dismissed. Pursuant to law, the Appellants may refile their appeal from the written judgment when it is obtained from the trial court. See: La.C.C.P. art. 2087; C.C.P. art. 2133. We will consider the appeal as filed if a signed judgment is obtained within the 14 day rehearing period. See: Uniform Rules-Courts of Appeal, Rule 2-18.2(b).
Accordingly, the appeal is hereby dismissed without prejudice. Costs of this appeal are to be paid by the Appellants.
APPEAL DISMISSED.
NOTES
[1] La.C.C.P. art. 1911 states:

Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled. No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.
[2] See: C.C.P. art. 2088.