NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-947 c/w 14-964

STATE OF LOUISIANA

VERSUS

KENDALL B. SMITH

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 120554
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Jimmie C. Peters, James T. Genovese, and John E. Conery, Judges.

APPEAL DISMISSED.
WRIT DENIED.

Kendall B. Smith, #356054
IN PROPER PERSON
Dixon Correctional Institute
Jackson, LA 70748-0788

Mr. Alan Haney
Assistant District Attorney
Fifteenth Judicial District Court
Post Office Box 3306
Lafayette, LA 70502
COUNSEL FOR THE STATE OF LOUISIANA

**GENOVESE, Judge.**

This court issued a rule ordering Appellant, Kendall B. Smith (Smith), to show cause, by brief only, why his appeal should not be dismissed as premature since no written judgments appear of record relating to the trial court's rulings of December 5, 2013, and June 9, 2014. For the reasons assigned, we deny the writ application and dismiss the instant appeal.

Smith is an inmate at Dixon Correctional Institute. This case arises out of his attempt to recover money seized from him under judgments of forfeiture. There were three separate judgments of forfeiture: (1) judgment dated May 20, 2008, for $3,131.00; (2) judgment dated May 20, 2008, for $6,480.00; and (3) judgment dated April 16, 2010, for $860.00. Smith did not contest the judgments of forfeiture at the time they were signed. Smith filed two motions for release of seized property on October 14, 2013. These motions dealt with the two judgments dated May 20, 2008. Although the record does not contain a motion for release of seized property relative to the judgment of forfeiture dated April 16, 2010, for $860.00, the transcript of the hearing reflects that Smith did ask for the return of this property. Both motions were heard on December 5, 2013, and both were denied in open court on that date. Specifically, the trial court noted that it was too late for Smith to contest the judgments of forfeiture dated May 20, 2008, for $6,480.00, and April 16, 2010, for $860.00. The record contains no written judgment relative the ruling of December 5, 2013.

Smith applied for writs to this court, and we denied the writ noting:

> Relator seeks review of a judgment which, **when signed**, disposes of the merits of the Relator's petition. Thus, the district court's judgment will be a final appealable judgment. La.Code Civ.P. art. 1841. Therefore, a supervisory writ application is not the appropriate vehicle for seeking appellate review of the judgment; an ordinary appeal should be taken **once the written judgment has been signed**.

Unpublished writ ruling captioned *State v. Kendall Smith*, 14-313 (La.App. 3 Cir. 5/16/14). (Emphasis added.)

On June 9, 2014, following this court's denial of the writ application, another hearing was held in the district court. From the transcript of the hearing, it appears that the trial court was addressing the judgment dated May 20, 2008, for $3,131.00. At that hearing, Smith denied that he ever received notices of the forfeitures, even though the record contained notices of pending forfeitures signed by him. Smith denied that the signatures were his, but the trial court rejected this argument and denied the motion for the return of $3,131.00. Again, the record contains no written judgment from the ruling rendered in open court on June 9, 2014.

In an apparent attempt to comply with this court's ruling, Smith filed the instant appeal. He also filed an additional writ application bearing docket number 14-947 in this court. That writ application has been consolidated with this appeal bearing docket number 14-964.

In Smith's brief to this court following the order to show cause, by brief only, why his appeal should not be dismissed as premature, he asserts that the "supporting facts show that there was [sic] two separate written judgment on the dates of December 5, 2013[,] and June 9, 2014." He also asserts that this court could have received an incomplete record from the district court. To his brief he attaches the transcripts of the two hearings. These transcripts appear in the record, but the record does not contain any written judgments reflecting the court's oral rulings. Smith has not asked for a supplementation of the record to include the written judgments that he alleges exist and has not provided any facts to support his assertion that there are, in fact, written judgments.

Louisiana Code of Civil Procedure Article 1911 provides, in pertinent part:

> Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.

In *State v. Beaudoin*, 06-88, pp. 2-3 (La.App. 5 Cir. 6/29/06), 939 So.2d 428, 429 (footnote and citations omitted), the court stated:

> A minute entry and an oral judgment that has not been reduced to writing and signed by the trial judge are insufficient to divest jurisdiction from the trial judge and for the appellate court to obtain jurisdiction. Thus, without a written judgment signed by the trial judge, this appeal is premature.

Based on the record before us, no judgments have been signed. Therefore, we dismiss the instant appeal as premature. We also dismiss the writ application bearing docket number 14-947 because a supervisory writ application is not the appropriate vehicle for seeking appellate review of the judgment denying Smith's motion for release of seized property as that judgment, when signed, will dispose of the merits of Smith's motion; an ordinary appeal should be taken once the written judgment has been signed.

**APPEAL DISMISSED. WRIT DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.