SANDRA CABRINA JENKINS, Judge.
| TA commercial surety purports to appeal the trial court’s denial of its motion to set aside the judgment for bond forfeiture. For the reasons that follow, we find no jurisdiction vests in this Court and dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
The defendant, Douglas Dennis, was arrested and charged with illegal carrying of a firearm, a violation of La. R.S. 14:95.1. On February 13, 2013, a commercial surety bond was posted by Financial Casualty & Surety, Inc. (“Financial”) in the amount of $20,000.00. A hearing on motions was set for March 27, 2013. When the defendant failed to appear on March 27, 2013, the State filed a motion for forfeiture of the bond. The trial judge granted the motion, the bond was forfeited, and notice was mailed to Financial.
On October 23, 2013, Financial filed a Motion to Set Aside Judgment of Forfeiture and Petition for Nullity of Judgment. The State timely filed an opposition, and after a hearing on the merits, the trial court denied Financial’s motion in open court. It is from this ruling that Financial appeals.
JgJURISDICTIONAL ISSUE
While the appeal was pending in this Court, the State filed a motion to dismiss Financial’s appeal arguing that bond forfeiture proceedings are civil in nature and *1126 Financial failed to comply with the requirements to take such an appeal. Financial responded contending that bond forfeitures are governed by the Louisiana Code of Criminal Procedure and because those provisions were followed, the State’s motion to dismiss is without merit. We agree with the State.
Bond forfeiture proceedings are unique because they are “intrinsically civil matters,” and their outcomes are based upon provisions found within the Code of Civil Procedure and related jurisprudence. See State v. Allen, 11-2843, p. 2 (La.4/18/12), 84 So.3d 1288, 1288; State v. Nellon, 12-1429, p. 5 (La.App. 4 Cir. 9/4/13), 124 So.3d 1115, 1118; City of New Orleans v. Young, 07-0925, pp. 1-2 (La.App. 4 Cir. 9/12/07), 967 So.2d 539, 540.
After the trial court denied Financial’s motion, Financial orally noted its “intent to take an appeal,” and was given a December 12, 2013 return date. Financial then filed a Notice of Appeal[1] and Designation of the Record for Appeal on December 4, 2013. Therefore, the question raised by the set of circumstances presented in the instant case is whether the timely filing of the notice of appeal was sufficient to meet the requirements for filing an appeal.
This Court has stated that perfecting an appeal of a judgment in a civil matter, such as here, requires three procedural elements: “(1) a motion or petition for appeal, (2) an order of appeal, and (3) notice of appeal.” Bremermann v. Bremermann, 05-0547, p. 2 (La.App. 4 Cir. 1/11/06), 923 So.2d 187, 188 (quoting Ratcliff v. Boydell, 566 So.2d 197, 199 (La.App. 4th Cir.1990)). In addition, it is well-established that the jurisdiction of the appellate court attaches upon the granting of the order of appeal. La. C.C.P. art. 2121;[2] Brennan’s, Inc. v. Colbert, 13-0943, p. 4 (La.App. 4 Cir. 9/25/13), 125 So.3d 537, 539 (quoting Barnes v. L.M. Massey, Inc., 93-1080, p. 3 (La.App. 1 Cir. 5/20/94), 637 So.2d 799, 801); La. C.C.P. art. 2088. Thus, “[failure of the appellant to obtain the order of appeal forfeits his right to appeal” and “the appellate court has the authority to dismiss an appeal on its own motion or own motion of any party when the appellant has no right to appeal.” Stein v. Martin, 98-1370 (La.App. 4 Cir. 11/18/98), 723 So.2d 1038, 1040 (citations omitted); see also Bamburg v. St. Francis Med. Ctr., 45,024, pp. 3-4 (La.App. 2 Cir. 1/27/10), 30 So.3d 1071, 1074; Osborn Painting, Inc. v. Auxilien, 04-1330, p. 5 (La.App. 5 Cir. 3/29/05), 900 So.2d 969, 972. However, the Louisiana Supreme Court has stated that no appeal shall be dismissed “when the motion for appeal is filed timely but the order is not signed until after the delay has run.” Traigle v. Gulf Coast Aluminum Corp., 399 So.2d 183, 186 (La.1981); Bremermann, 05-0547, p. 3, 923 So.2d at 189; Lifecare Hospitals, Inc. v. B & W Quality Growers, Inc., 39,065, p. 2 (La.App. 2 Cir. 7/8/04), 875 So.2d 135, 137.
*1127 |4The instant case does not involve a timely filed motion for appeal where the order was signed after the delays had run. Instead, the record before us contains a timely filed notice of appeal — with an accompanying order that was never signed— but does not include any motion or petition for appeal, or even a signed judgment.[3] Since Financial’s notice of appeal does not satisfy the statutory requirements for “taking” an appeal, this Court is without jurisdiction to entertain this “appeal.”
DECREE
For the foregoing reasons, Financial’s appeal is dismissed.
APPEAL DISMISSED

. The notice contained an affiliated order, but it was never signed.

. La. C.C.P. art. 2121 provides:
An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.
An order of appeal may be granted on oral motion in open court, on written motion, or on petition. This order shall show the return day of the appeal in the appellate court and shall provide the amount of security to be furnished, when the law requires the determination thereof by the court.
When the order is granted, the clerk of court shall mail a notice of appeal to counsel of record of all other parties, to the respective appellate court, and to other parties not represented by counsel. The failure of the clerk to mail the notice does not affect the validity of the appeal.

. The bench ruling was not reduced to a written judgment signed by the trial judge. Instead, "Denied 11/12/13 KKH” was written on the motion. An appellate court lacks jurisdiction over any appeal where there is no signed final judgment in the record. La. C.C.P. art. 1911. Thus, the fact that there is no written and signed final judgment here is an independent basis to dismiss Financial’s appeal. See State v. Doucet, unpub., 13-0772, p. 2 (La.App. 1 Cir. 12/27/13), 2013 WL 6858271; Quality Paint Hardware & Marine Supply Inc. v. Crescent Coating & Servs., Inc., 13-129, p. 6 (La.App. 5 Cir. 8/27/13), 123 So.3d 780, 784; Coxe Prop. Mgmt. & Leasing v. Woods, 09-1729, p. 2 (La.App. 4 Cir. 8/11/10), 46 So.3d 258, 260; Mullins v. Mississippi Valley Silica Co., Inc., 08-0330 (La.App. 4 Cir. 3/20/08), 982 So.2d 209, 210; State v. Beaudoin, 06-88, pp. 2-3 (La.App. 5 Cir. 6/29/06), 939 So.2d 428, 428-29; State v. Ramee, 05-748, p. 3 (La.App. 5 Cir. 2/3/06), 922 So.2d 1247, 1248; Wynne v. Parlay’s, Inc., 97-1170, p. 2 (La.App. 4 Cir. 11/5/97), 701 So.2d 1369, 1370.