Judge Tiffany G. Chase
Richard L. Rubin, M.D. (hereinafter "Dr. Rubin"), Rachael Sherman Rubin (hereinafter "Rachael") and Carolyn L. Rubin (hereinafter "Carolyn"),[1] seek review of the trial court's December 5, 2017 judgment granting Non-Flood Protection Asset Management Authority and J.P. & Sons Dredging L.L.C.'s exceptions of prescription. The Rubins also seek review of the March 9, 2018 judgment denying their motion for new trial. For the reasons that follow, we reverse the judgment of the trial court granting the exception of prescription and pretermit review of the judgment denying the motion for new trial.
Facts and Procedural History
On November 16, 1972, Dr. Rubin was assigned the lease of the land and water bottom located at 7315 West Roadway, Boathouse # W-18, New Orleans, LA 70124 (hereinafter "the property") from Peter Fountain (hereinafter "Mr. Fountain). Mr. Fountain was leasing the property from the Non-Flood Protection Asset Management Authority's (hereinafter "the Authority") predecessor, The Orleans Levee Board. Dr. Rubin also purchased the buildings, fixtures and improvements located on the property from Mr. Fountain. In 1996, Dr. Rubin sold fifty-percent interest of the lease in the property to his daughter Rachel. In 2008, Dr. Rubin renewed the lease with the Authority and executed a new lease agreement. In 2011, he donated his remaining fifty-percent interest in the lease to his daughter Carolyn.
On August 17, 2015, the adjacent boathouses collapsed and damaged the boathouse located on the property. The Authority contracted with J.P. & Sons Dredging L.L.C. (hereinafter "JPSD") to perform demolition of the adjacent properties. In December 2015, while the demolition was being performed by JPSD, the property was further damaged. As a result, Dr. Rubin filed a petition for damages, on July 28, 2016, naming the Authority *1231 and JPSD as defendants. Dr. Rubin alleged the Authority was negligent in failing to take any actions regarding the deteriorating adjacent properties and JPSD breached the standard of care for contractors while performing the demolition. Dr. Rubin filed a first amended and supplemental petition on December 9, 2016, alleging that his furniture in the boathouse was also damaged as a result of the collapse of the adjacent property.
On May 22, 2017, the Authority filed a partial exception of no right of action arguing that Dr. Rubin was not the proper party to bring the lawsuit because he did not possess an ownership interest in the property. On May 24, 2017, JPSD filed an identical partial exception of no right of action articulating the same argument as the Authority. By judgment dated August 1, 2017, the trial court granted both exceptions of no cause of action, reasoning that in a tort action for damage to property, the proper party to bring the action is the owner of the property. The trial court gave Dr. Rubin fifteen days after the notice of signing of judgment, which was signed on August 10, 2017, to amend his petition.
On August 24, 2017, Dr. Rubin filed a second amending and supplemental petition acknowledging that Carolyn and Rachael owned one-hundred percent of the lease in the property. Additionally, for the first time, Mr. Rubin pled that Carolyn and Rachael previously executed powers of attorney, granting him the power to act as their lawful agent. Dr. Rubin contended that the power of attorney authorized him to institute the current litigation against the Authority and JPSD on behalf of his daughters. On September 21, 2017, Carolyn and Rachael filed a petition for intervention arguing they were entitled to damages, as the owners of the property, due to the negligent actions of the Authority and JPSD regarding the demolition of the adjacent properties. On October 4, 2017, the Authority and JPSD filed a joint motion to strike, alternatively, exception of lack of procedural capacity and exception of prescription. In response, the Rubins argued that the petition for intervention was timely because it was filed within ninety days of the second amending and supplemental petition.
The matter was heard by the trial court on November 17, 2017. A judgment was issued on December 5, 2017, granting the exception of prescription; deeming the motion to strike and exception of lack of procedural capacity moot; dismissing the Rubins' claim for damages regarding the boathouse and dock with prejudice; and reserving Dr. Rubin's claim for damages with regards to his personal property. The Rubins filed a motion for new trial on December 11, 2017. The trial court denied the motion by judgment signed March 9, 2018.[2] This appeal followed.
Jurisdictional Issue
An appellate court has an independent duty to consider whether it has subject matter jurisdiction over the matter, even when the issue is not raised by litigants. See Urquhart v. Spencer , 2015-1354, p. 3 (La.App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077 (quoting Moon v. City of New Orleans , 2015-1092, 2015-1093, p. 5 (La.App. 4 Cir. 3/16/16), 190 So.3d 422, 425 ). This Court has previously determined that perfecting an appeal of a judgment, pursuant to the requirements of La. C.C.P. art. 2121, requires (1) a petition or motion for appeal, (2) an order of appeal and (3) a notice of appeal. State v. Dennis , 2014-1258, p. 2 (La.App. 4 Cir. 4/29/15), 165 So.3d 1124, 1126 (quoting *1232 Bremermann v. Bremermann , 2005-0547, p. 2 (La.App. 4 Cir. 1/11/06), 923 So.2d 187, 188 ). The Rubins filed a "notice of appeal" with an attached order. This Court has recognized a distinction between a notice of appeal and motion for appeal:
La. C.C.P. art. 2121 is clear and unambiguous in distinguishing between a motion (petition) for appeal, an order of appeal and a notice of appeal. The distinguishing feature of a petition (motion) for appeal is that it prays for (seeks) a judgment (or an order) from a judge for specified relief (an appeal). A notice of an appeal does not seek a judgment or order from a judge for a specified relief.
Bremermann , 2005-0547, p. 3, 923 So.2d at 189 (quoting Belser v. St. Paul Fire & Marine Ins. Co. , 542 So.2d 163 (La.App. 1 Cir. 1989).
In the case sub judice , the "notice of appeal" sought review of both the December 5, 2017 and March 9, 2018 judgments. The Rubins presented a "notice of appeal" to the trial court for signature. The intent of a pleading is determined by its substance, not the caption of the pleading. Ratcliff v. Boydell , 566 So.2d 197, 200 (La.App. 4 Cir. 1990), writ denied , 571 So.2d 647 (La. 1990). The substance of the Rubins' pleading makes clear their intent to appeal the aforementioned judgments of the trial court. The fact that the pleading is captioned incorrectly is not sufficient grounds to dismiss the appeal. Additionally, an order of appeal was signed by the trial court granting the Rubins' request to appeal and set a return date. Appeals are favored in law; thus, we recognize that the "notice of appeal" filed in this matter is equivalent to a motion for appeal and will proceed with considering the merits.
Discussion
When evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under a manifestly erroneous/clearly wrong standard of review.[3] Specialized Loan Servicing, LLC v. January , 2012-2668, p. 3 (La. 6/28/13), 119 So.3d 582, 584. Therefore, we will review the granting of the exception of prescription under a manifest error standard of review.
The Rubins list four assignments of error. Specifically, that: (1) the trial court erred in granting the Authority and JPSD's exception of prescription; (2) the trial court erred in not allowing the Rubins an opportunity to amend the petition to cure the prescription issue; (3) the trial court erred in failing to afford legal effect to the power of attorney executed by Carolyn and Rachael to Dr. Rubin; and (4) the trial court erred in denying the Rubins' motion for new trial. While several issues are raised on appeal, we find the central issue to be whether the trial court erred in granting the exception of prescription filed by the Authority and JPSD.
Prescription
The Rubins argue that if Carolyn and Rachael's claim prescribed, they should have been afforded an opportunity to amend the petition in intervention to cure the prescription. However, "the right to amend a petition following the sustaining of a peremptory exception is not absolute. Amendment is not permitted when it would constitute a 'vain and useless act.' " Hershberger v. LKM Chinese, L.L.C. , 2014-1079, p. 6 (La.App. 4 Cir. 5/20/15), 172 So.3d 140, 145. The Rubins have not sufficiently demonstrated what additional information could be provided to cure prescription.
*1233 As such, amendment of the petition in intervention is not warranted.
Our analysis begins with determining whether the second supplemental and amended petition, filed by the Rubins, relates back to the original petition for purposes of prescription. This is critical to our analysis because the Rubins argue that the petition in intervention is not prescribed because it was timely filed pursuant to the second amended and supplemental petition. La. C.C.P. art. 1153 provides that:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
In order for an amending petition to relate back to the date of filing of the original petition: (1) the amended claim must arise out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; and (4) the defendant will not be prejudiced in preparing and conducting his defense. Giroir v. S. Louisiana Med. Ctr., Div. of Hosps. , 475 So.2d 1040, 1044 (La. 1985).
A review of the record establishes sufficient proof that the second amended and supplemental petition relates back to the date of filing of the original petition. The second supplemental and amended petition involved the same occurrence alleged in the original petition, i.e. the damage to the boathouse as a result of the August 2015 incident; the Authority and JPSD knew about Carolyn and Rachael's ownership interest because both entities filed an exception of no cause of action against Dr. Rubin arguing that he did not possess ownership interest in the property; Carolyn and Rachael are sufficiently related to Dr. Rubin because they are his daughters to whom he transferred ownership interest in the property; and the addition of Carolyn and Rachael will not prejudice the defense because the Authority and JPSD will not be prohibited from continuing to defend the matter as it sees fit. The addition of Carolyn and Rachael does not change the existence of the claims, it simply adds the correct owners of the property to the litigation. As such, the second amended and supplemental petition relates back to the date of the filing of the original petition.
We now consider the applicability of an incidental demand to the principle of relation back. We must determine whether the second amended and supplemental petition constitutes the main demand for purposes of the applicability of La. C.C.P. art. 1041. "[A]lthough the principal action or demand is commenced by an original petition, it is not always confined to that pleading; once the petition has been validly amended the principal action or main demand encompasses the claim as amended or supplemented and not just the demand as set forth in the original petition." Moore v. Gencorp, Inc. , 633 So.2d 1268, 1271 (1994). Thus, main demands include supplemental petitions filed in an action. Once the Rubins amended the petition, that amended petition encompassed any previous petitions and became the main demand. Therefore, the second amended and supplemental petition is now the main demand.
Intervention
Our next consideration is the timeliness of the petition for intervention. Carolyn and Rachael filed a petition in intervention on September 27, 2017, alleging their right to damages, as a result of the August 2015 *1234 incident, due to their ownership interest in the property. The Authority and JPSD argue that the claims in the second amended petition do not relate back to the original petition because it fails to satisfy Giroir and La. C.C.P. art. 1153 and as such, the petition in intervention was untimely. However, the Authority and JPSD's application of Giroir to the petition in intervention is misplaced.
The Louisiana Supreme Court has addressed whether La. C.C.P. art. 1153 and the factors outlined in Giroir or La. C.C.P. art. 1067[4] should apply to intervention petitions. Our Supreme Court determined that La. C.C.P. art. 1067, currently La. C.C.P. art. 1041, is the correct codal article to apply to incidental demands such as intervention petitions. Stenson v. City of Oberlin , 2010-0826, p. 13 (La.App. 4 Cir. 3/15/11), 60 So.3d 1205, 1214. La. C.C.P. art. 1041 provides that:
an incidental demand is not barred by prescription or preemption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
Incidental demands include reconventions, cross-claims, interventions and the demand against third parties. La. C.C.P. art. 1031. Our Supreme Court found that "Article 10[41] clearly provides an exception to prescription or preemption for incidental demands...and thus...is the applicable statute governing the exception to prescription or preemption for an intervention." Stenson , 2010-0826, p. 14, 60 So.3d at 1214.
Although Dr. Rubin's claim regarding his personal property existed at the time the original petition was filed, he was well aware that he did not possess full ownership in the property at issue. Nonetheless, he proceeded with the matter as the sole petitioner. Dr. Rubin contends he was permitted to proceed because he had power of attorney for Carolyn and Rachael. We find this argument somewhat disingenuous as the fact remains that at the time litigation was instituted, Carolyn and Rachael were the recorded owners of the property. This Court notes that Dr. Rubin's lack of candor to the judicial process is disconcerting. Notwithstanding Dr. Rubin's conduct, Carolyn and Rachael's claim was not barred at the time the original petition was filed. The petition for intervention was filed September 27, 2017. Since the Authority was served with the second amended petition on September 7, 2017 and JPSD served on September 5, 2017, Carolyn and Rachael's petition in intervention was filed within ninety days of the date of service of the second amended petition. Therefore, pursuant to La. C.C.P. art. 1041, their claim is timely and the petition in intervention is not prescribed. The intervening petition was filed within ninety days of service of both the Authority and JPSD. As such, we find the trial court erred in granting the Authority and JPSD's exception of prescription.
The Rubins also seek review of the trial court's March 9, 2018 judgment denying their motion for new trial on the exception of prescription. Since we find the trial court erred in granting the exception of prescription, a review of the judgment regarding the motion for new trial on the exception of prescription is not warranted. As such, we pretermit this issue.
Conclusion
For the foregoing reasons, we find the trial court erred in granting the exception of prescription. Pursuant to La. C.C.P. art. 1153, the second amended and supplemental petition relates back to the original *1235 petition, encompasses that petition and becomes the main demand. Applying La. C.C.P. art. 1041, we find Carolyn and Rachael's intervention was timely filed within ninety days of the date of service of the second amended and supplemental petition. Accordingly, we reverse the ruling of the trial court granting the exception of prescription and remand the matter for further proceedings. In light of our conclusion, we pretermit review of the judgment denying the motion for new trial.
REVERSED AND REMANDED

The parties are collectively referred to as "the Rubins."

In the March 9, 2018 judgment, the trial court designated both the December 5, 2017 and March 9, 2018 judgments as final appealable judgments pursuant to La. C.C.P. art. 1915.

A copy of the transcripts from the hearing on the exception of prescription is attached to the record and reveals that both parties offered, filed and introduced, and the trial court accepted, all exhibits attached to their memoranda.

Currently La. C.C.P. art. 1041.