# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2020 CA 1309

### TONYA Y. CARRAWAY AND MICHAEL L. CARRAWAY

### VERSUS

### DELONZO D. CARRAWAY, HAROLD A. UTOMAKILI, TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA AND AURORA INVESTMENTS, INC. RETIREMENT

*DATE OF JUDGMENT:* JUL 2 9 2021

ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
NUMBER 116865, DIVISION A, PARISH OF ASCENSION
STATE OF LOUISIANA

HONORABLE JASON VERDIGETS, JUDGE

\* \* \* \* \* \*

Ethel M. Clay
Baton Rouge, Louisiana

Counsel for Plaintiff-Appellant
Tonya Y. Carraway

Bartley P. Bourgeois
Baton Rouge, Louisiana

Counsel for Defendant-Appellee
Aurora Investments, Inc. Retirement
Trust

James J. Bolner, Jr.
New Orleans, Louisiana

Counsel for Defendant-Appellee
Harold A. Utomakili

\* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**Disposition: APPEAL MAINTAINED. JUDGMENT AFFIRMED AND REMANDED WITH INSTRUCTION.**

**CHUTZ, J.**

Plaintiff-appellant, Tonya Y. Carraway, appeals the trial court's judgment, granting summary judgment in favor of defendant-appellee, Aurora Investments, Inc. Retirement Trust (Aurora), which recognized a recorded mortgage in favor of Aurora as valid and encumbering a 100% undivided interest in immovable property; enjoined Carraway from claiming interest in the immovable property; and dismissed all of Carraway's claims against Aurora.[1] We maintain the appeal, affirm the judgment, and remand for entry of a proper property description.

## FACTUAL AND PROCEDURAL BACKGROUND

Tonya and her brother, Michael, filed this lawsuit naming their brother, Delonzo, as a defendant. According to Tonya and Michael, the three Carraway siblings inherited immovable property located at 2215 E. Bayou Road, Donaldsonville, Louisiana on February 14, 2013, from their parents as set forth in a judgment of possession, which was recorded in the conveyance records on May 14, 2014. Tonya and Michael allege that an act of donation was executed in the presence of a notary commissioned in the state of California on September 26, 2014, purporting to donate their respective divided interests in the immovable property to Delonzo, but that the signatures on the act of donation were forgeries.[2]

---

[1] Captioned as a "NOTICE OF APPEAL," plaintiffs' counsel filed a request for appellate review of the trial court's judgment. We conclude the notice of appeal is equivalent to a motion for appeal. See *Rubin v. Non-Flood Prot. Asset Mgmt. Auth.*, 2018-0500 (La. App. 4th Cir. 11/14/18), 259 So.3d 1228, 1232, writ denied, 2018-2055 (La. 2/18/19), 265 So.3d 774 ("The intent of a pleading is determined by its substance, not the caption of the pleading."). Judgment in favor of Aurora was also rendered against plaintiff, Michael L. Carraway, who was represented by the same attorney as Tonya. But neither the motion for appeal nor the signed order granting the appeal included Michael L. Carraway. Thus, although the appellate brief was filed on behalf of both Tonya and Michael, only Tonya is an appellant in this appeal.

[2] Claiming that California notary Harold Utomakili breached notarial duties, Tonya and Michael also named him and Travelers Casualty and Surety Company (Travelers), his alleged surety, as defendants. Declinatory exceptions raising the objection of lack of personal jurisdiction over Utomakili as to claims asserted against him by Tonya, Michael, and Aurora, see n.3, infra, were sustained, and Utomakili was dismissed from this lawsuit without prejudice on June 6, 2017.

In the petition, Tonya and Michael stated that subsequent to the execution of the act of donation, Delonzo borrowed money from Aurora, fraudulently securing the obligation to repay Aurora with a mortgage on a 100% undivided interest in the immovable property located on E. Bayou Road. Tonya and Michael also named Aurora as a defendant in the lawsuit.

According to the allegations of the petition, Delonzo failed to repay the loan and Aurora filed a petition for executory process. After the Ascension Parish Sheriff's Office seized the immovable property in which Tonya was living and maintaining her residence, averring that Tonya would be left homeless if the scheduled sheriff's sale were held, Tonya and Michael obtained a temporary restraining order, halting the sale.

Aurora answered the petition, generally denying the claims of Tonya and Michael, although it admitted that Delonzo had not been making payments on the loan secured with the mortgage affecting the E. Bayou Road property. Aurora also acknowledged that it had filed a petition for executory process, and the immovable property had been seized by the Ascension Parish Sheriff's Office.[3]

Aurora filed a motion for summary judgment in which it sought to: (1) have its mortgage recognized as valid and encumbering a 100% undivided interest on the immovable property free and clear from any other encumbrance; (2) enjoin Tonya and Michael from claiming any interest in the property; and (3) dismiss Aurora from the lawsuit. Tonya and Michael did not file an opposition.

After a hearing, the trial court granted Aurora's motion for summary judgment. A judgment was signed by the trial court on March 24, 2020, and this appeal followed.

---

[3] Aurora also asserted cross claims against Delonzo, Utomakili, and Travelers.

## DEFECTS IN THE APPEAL

Aurora initially challenged the timeliness of Tonya's appeal. The judgment in this matter was signed on March 24, 2020, and the notice of the judgment was issued on March 26, 2020. Tonya and Michael had seven days from March 26, 2020, i.e., April 6, 2020, to file a motion for new trial. See La. C.C.P. art. 1974. Suspensive appeal delays would have run no later than May 6, 2020 and devolutive appeal delays would have run no later than June 5, 2020. See La. C.C.P. arts. 2123A(1) and 2087A(1). But La. R.S. 9:5830A extended all legal deadlines that did not toll between March 16, 2020, and July 6, 2020.[4] Thus, the delay for filing a motion for new trial, which would have been April 6, 2020, was extended to July 6, 2020, based on the suspension of time delays. Accordingly, Tonya's motion for appeal filed on July 30, 2020 was timely. See *State v. Grevious*, 2020-0913 (La. App. 1st Cir. 4/26/21), --- So.3d ----, ----, 2021 WL 1609252, at *2.

Additionally, we note that after the record was lodged, this court recognized that the immovable property was not described with particularity in the judgment. See La. C.C.P. art. 1919 ("All final judgments which affect title to immovable property shall describe the immovable property affected with particularity."). See also La. C.C.P. art. 2089 ("All judgments and decrees which affect title to immovable property shall describe with particularity the immovable property affected."). Thus, we issued a show cause order, noting that the appealed judgment also required reference to a document outside the judgment, which was not

---

[4] La. R.S. 9:5830A provides:

> All deadlines in legal proceedings that were suspended by Proclamation Number JBE 2020-30 and any extensions thereof shall be subject to a limited suspension or extension until July 6, 2020; however, the suspension or extension of these deadlines shall be limited and shall apply only if these deadlines would have otherwise expired during the time period of March 17, 2020, through July 5, 2020. The right to file a pleading or motion to enforce any deadline in legal proceedings which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020.

attached. Because the specific relief should be determinable from the judgment without reference to any extrinsic source to be considered a final, appealable judgment, and a valid final judgment must be precise, definite, and certain, see *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045 (La. App. 1st Cir. 12/20/02), 836 So.2d 364, 365-66, this court questioned whether the appealed judgment should be dismissed.

Our review of the record shows that the single municipal address of 2215 E. Bayou Road, Donaldsonville, Louisiana has consistently been utilized throughout to describe the immovable property. And the property description set forth in the petition, the act of donation, and the act establishing a mortgage in favor of Aurora is overwhelmingly similar throughout. However, in their petition, Tonya and Michael additionally describe the immovable property as "BEING A [PORTION] OF THE GRACE R. GARON ET AL ESTATE IN THE CITY OF DONALDSONVILLE LOCATED IN SECTION 97, T-11-S, R-14-**E**" whereas the acts of donation and mortgage additionally describe the immovable property as "[b]eing a portion of the Grace R. Garon Et al Estate in the City of Donaldsonville Located in Section 97, T-11-S, R-14-**S**." (Emphasis added.)

Appellate courts have determined the merits of the appeal and remanded to the trial courts for reformation of the judgment to comply with La. C.C.P. art. 1919. See *Williams v. Adams*, 2010-0477 (La. App. 1st Cir. 11/1/10), 2010 WL 4278275, at *5 (unpublished); *Hooper v. Hero Lands Co.*, 2015-0929 (La. App. 4th Cir. 3/30/16), 216 So.3d 965, 980-81, writ denied, 2016-0971 (La. 9/16/16), 206 So.3d 205. Accordingly, we shall maintain the appeal, determining the merits, and remand this matter to the trial court to ascertain the correct property

5

description and to amend the judgment to include the correct legal description of the property.[5]

## MERITS OF THE APPEAL

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. La. C.C.P. art. 966A(1)-(3); *Murphy v. Savannah*, 2018-0991 (La. 5/8/19), 282 So.3d 1034, 1038. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966A(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966A(4). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment. La. C.C.P. art. 966D(2).

The burden of proof on a motion for summary judgment rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's

---

[5] While disposition of the issue raised in the show-cause order was pending with this court, the trial court signed an amended judgment on May 3, 2021, containing a legal description of the property. Aurora thereafter filed an ex parte motion to supplement the appellate record with the amended judgment, which was granted by the trial court on May 13, 2021. Any order or judgment rendered subsequent to the order granting an appeal is null if that order or judgment purports to address a matter that is at the time reviewable under the appeal. *Morgan v. State through Dep't of Children and Family Servs.*, 2019-0796 (La. App. 1st Cir. 2/21/20), 299 So.3d 94, 99, writ denied, 2020-00540 (La. 9/23/20), 301 So.3d 1182. See also La. C.C.P. art. 2088 (prior to its amendment by 2021 La. Acts, No. 259, § 2, effective August 1, 2021, under La. Const. Art. III, § 19, allowing the trial court to amend a judgment to provide proper decretal language under La. C.C.P. arts. 1918 or 1951). Pretermitting a discussion of whether the provisions to Subsection A(12) of Act 259 can be retroactively applied to the May 3, 2021 judgment, because of the discrepancy in the property description as set forth in the petition and the May 3, 2021 amended judgment when compared with the property description as set forth in the acts of donation and mortgage, we conclude that a remand to the trial court for reformation of the judgment to ascertain the correct property description is necessary..

6

burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966D(1).

Appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Georgia-Pacific Consumer Operations, LLC v. City of Baton Rouge*, 2017-1553 (La. App. 1st Cir. 7/18/18), 255 So.3d 16, 22, writ denied, 2018-1397 (La. 12/3/18), 257 So.3d 194.

On appeal, Tonya urges the trial court erred in granting summary judgment and dismissing her claims against Aurora. Noting her allegations of fraud on the part of Delonzo, Tonya maintains that whether the act of donation was fraudulent is an outstanding issue of material fact that precludes summary judgment. Additionally, Tonya emphasizes that the act of donation, which provided the basis for Aurora's claim of a 100% undivided interest in the E. Bayou Road property, was recorded subsequent to the act creating the mortgage. As such, Tonya reasons that Aurora was unable to prove it relied on the public record and, therefore, failed to establish it was entitled to summary judgment declaring it has a 100% undivided interest in the E. Bayou Road property.[6]

---

[6] Although Aurora did not request declaratory relief in its initial pleadings, it clearly placed the issue before the parties in its motion for summary judgment pleading. Tonya has neither objected to the expansion of the pleadings nor complained on appeal. Thus, the pleadings were "expanded" when evidence on that issue was presented without objection, and that issue "shall be treated in all respects as if [it] had been raised by the pleading." See La. C.C.P. art. 1154; *Blanchard v. Cors & Bassett, Sacks, Weston, Smolinsky, Albert & Luber*, 2009-2236 (La. App. 1st Cir. 9/8/10), 2010 WL 3496263, at *4.

In support of its motion for summary judgment, Aurora submitted a copy of the act of donation, executed on September 26, 2014, in Los Angeles County, California, which identified Tonya and Michael as having donated their interests in the E. Bayou Road property to Delonzo, who personally accepted the donation.[7] Additionally, Aurora attached to its motion for summary judgment a copy of the mortgage agreement between Delonzo as mortgagor and Aurora as mortgagee, entered into on October 2, 2014 in Los Angeles County, California, securing with the E. Bayou Road property a promissory note executed by Delonzo in favor of Aurora in the amount of $150,000.00, plus interest, costs, and attorney fees. The mortgage agreement was recorded in the Ascension Parish public records on October 7, 2014, as instrument number 859866.

Aurora also included in support of its motion for summary judgment the telephonic deposition testimony of Utomakili taken on July 18, 2018, in which counsel for Tonya also participated. After explaining the requirements for a notarial license in California, Utomakili identified his signature on the act of donation between the Carraway siblings. He had no independent recollection of the execution of the act of donation by the Carraways. He stated that, at the time the act of donation was notarized, he did not know the Carraways personally, confirming that they came "in off the street." Utomakili also testified that he had no existing relationship with Aurora. As a notary, he simply "verif[ied] the signer of [the] document, ensure[d] that their name [was] on it, that the person in front of [me] provide[d] ID, and that they and not someone else sign[ed] the document." Utomakili further explained that he did not prepare the act of donation, and he did not "look at any of the content besides verifying the signer." As required by

---

[7] Although the copy of the act of donation attached to the motion for summary judgment is not recorded, it is undisputed that the act was recorded on October 7, 2014, instrument number 859865.

8

California law, at the time of notarization Utomakili obtained the right thumbprint of each person who personally appeared before him.

Based on a notary journal he maintained, Utomakili determined when he notarized the act of donation, Tonya and Delonzo provided their respective driver's licenses as identification. The number of Tonya's driver's license and its expiration date of December 13, 2016 as well as Delonzo's driver's license number and its March 30, 2017 expiration date were set out in the notary journal. Utomakili did not, however, obtain copies of the driver's licenses. Although he identified Tonya's handwriting in the portion of the notary journal in which her address was set out, Utomakili stated that he did not verify the address she provided in the journal against the address set forth in the driver's license.

Michael was identified by credible witnesses, which according to Utomakili is required by California law to notarize the signature of a person who does not have any identification. Utomakili explained that in such instances, the person must produce two people who personally know him and can vouch for his identity. Michael produced Jorge Tapia and Christina Jimenez, and their respective driver's license numbers were recorded in the notary journal, although the expiration dates for their licenses were not.

Based on this showing, Aurora established that it had a recorded mortgage agreement with Delonzo securing his promissory note to Aurora with a 100% undivided interest on the E. Bayou Road property. Utomakili's testimony established that a donation was entered into on September 26, 2014, transferring to Delonzo the interests that Tonya and Michael had in the E. Bayou Road property. Utomakili explained the process by which he verified Tonya, Michael, and Delonzo as the signers of the act of donation, ensuring that their names were on the act, and that "they and not someone else sign[ed] the document." Thus, Aurora

showed that Tonya and Michael had donated their interests in the E. Bayou Road property to Delonzo, who accepted their interests, see La. C.C. arts. 1541 and 1544,[8] and he then granted a mortgage over the property to Aurora.

Thereafter, it was incumbent on Tonya to come forward with evidence to support the allegations of the petition that the act of donation had been obtained by fraud and that her signature was a forgery. As stated by La. C.C.P. art. 967B,[9] when a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of her pleadings, but her response, by affidavits or as otherwise, must set forth specific facts showing that there is a genuine issue for trial. *Bufkin v. Felipe's Louisiana, LLC*, 2014-0288 (La. 10/15/14), 171 So.3d 851, 858. Having failed to file *any* opposition to Aurora's motion for summary judgment, there can be and is no issue of material fact as to whether the act of donation was fraudulent.

Additionally, we find no merit in Tonya's assertion on appeal that since the act of donation was recorded *after* it was executed, Aurora was unable to prove it relied on the public record and, therefore, failed to establish it was entitled to summary judgment declaring it has a 100% undivided interest in the E. Bayou Road property. Because Tonya failed to produce sufficient evidence to support a finding that the act of donation was fraudulently undertaken and that her signature was a forgery, whether the act of donation was recorded is of no moment. As a party to the act of donation, having donated her interest in the E. Bayou Road

---

[8] According to La. C.C. art. 1541, "A donation inter vivos shall be made by authentic act under the penalty of absolute nullity, unless otherwise expressly permitted by law." And La. C.C. art. 1544 states in pertinent part, "A donation inter vivos is without effect until it is accepted by the donee. … The acceptance of a donation may be made in the act of donation."

[9] La. C.C.P. art. 967B states in relevant part, "When a motion for summary judgment is made and supported … an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided …, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."

10

property to Delonzo, Tonya cannot now challenge Delonzo's subsequent alienation of his ownership interests in the property, including the mortgage given by him to Aurora. Accordingly, in light of the lack of opposition by Tonya to Aurora's showing on the motion for summary judgment, we must affirm.

## DECREE

For these reasons, the appeal is maintained. The trial court's grant of summary judgment, declaring Aurora's mortgage as valid and encumbering a 100% undivided interest in the immovable property located at 2215 E. Bayou Road, Donaldsonville, Louisiana free and clear from any other encumbrance; enjoining Tonya and Michael from claiming any interest in the property; and dismissing Aurora from this lawsuit, is affirmed. The matter is remanded for the trial court to ascertain the correct property description and to amend the judgment to include the correct legal description of the property. Appeal costs are assessed against Tonya Y. Carraway.

**APPEAL MAINTAINED. JUDGMENT AFFIRMED; REMANDED WITH INSTRUCTION.**